**JENKINS v. CITY OF COOPER et al.**

**No. 4985.**

Court of Civil Appeals of Texas. Texarkana.

Oct. 8, 1935.

Rehearing Denied Oct. 17, 1935.

Long & Wortham and Hutchison & Fisher, all of Paris, for appellant.

McKinney & Berry, of Cooper, and Weatherby & Rogers, of Waco, for appellees.

JOHNSON, Chief Justice.

This is a companion case to No. 4984, W. C. Hazelwood v. City of Cooper et al., 87 S.W.(2d) 776, this day affirmed by this court in an opinion written by Judge Hall.

The appeal is from an order dismissing appellant's suit upon his failure to amend after the court had sustained a general demurrer to his petition. The petition seeks to enjoin the city of Cooper and the Central Engineering & Supply Company from performing a contract which they had entered into under the provision of R. S., art. 1111 et seq., as amended (Vernon's Ann. Civ. St. art. 1111 et seq.), for the construction by the Central Engineering & Supply Company, in and for the city of Cooper, of a municipal electric light plant, and to enjoin the issuance by the city of bonds against the plant, and the payment thereof out of the revenues of the plant; which bonds provide, in accordance with the statute, that the same shall never become a charge against any funds raised or to be raised by taxation. Appellant alleges numerous irregularities in the efforts of the city to comply with the statute with respect to entering into the contract and the proposed issuance of said bonds, by reason of which he claims same are void. Among the irregularities alleged is that the contract was let without competitive bidding.

■ Upon application of appellees to dismiss the appeal because the questions involved have become moot, it is shown that since the hearing in the trial court that the contract complained of has been executed by construction and completion of the plant thereunder and its acceptance by the city; that the bonds have been issued, approved by the Attorney General, and delivered to the Central Engineering & Supply Company in full and complete payment for the plant, which is now in operation by the city of Cooper. The case has therefore become moot except as concerns payment of the bonds out of the revenues of the plant.

Appellant bases his right to prosecute the suit upon two grounds: (1) By reason of the fact that he is a taxpaying citizen of the city of Cooper; (2) by reason of a contract which he signed with the Inland Engineering Company, and which contract has been assigned to defendant Central Engineering & Supply Company.

■ The fact alone that appellant is a taxpaying citizen of the city of Cooper does not grant him a litigable interest in the subject-matter of the suit, which is essential to authorize him to prosecute it. This rule is discussed by Judge Hall in the Hazelwood Case, and by Judge McClendon in Fisher v. City of Bartlett (Tex. Civ.App.) 76 S.W.(2d) 535.

■ Under appellant's second ground upon which he predicates his right to maintain this suit, he alleges, in substance, that his written contract with the Inland Engineering Company, which had been transferred to defendant Central Engineering & Supply Company, bound him to patronize said municipal light plant in the purchase of any and all electricity used by him; that the city paid more for the plant than it would have cost under competitive bidding; that by reason of which the city will necessarily have to fix a higher rate to be charged for the electricity in order to pay for the plant than it would have been necessary to fix and charge had the plant been purchased at a lower figure, and more than will be charged for electricity by the privately owned plant operating in the city of Cooper; that appellant will therefore be required to pay more for his electricity than he would have been required to pay if the contract for the plant had been let by competitive bids.

The authority of the city to fix the rates to be charged for the electric current is independent of and could not in any event be limited or controlled by appellant's contract with the engineering company, of which contract the city is not a party. By such contract appellant acquired no interest in or control over the revenues to be derived from the plant, which would authorize a court at the instance of appellant to enjoin the city from disbursing such revenues in payment of the bonds.

The judgment of the trial court will be affirmed.