**SPANN BROS. AUTO SUPPLY CO. v. MILES.**

**No. 1970.**

Court of Civil Appeals of Texas. Eastland.

Jan. 12, 1940.

Bert Derden, of Wichita Falls, for appellant.

Roberts & O'Conner, of Breckenridge, for appellee.

FUNDERBURK, Justice.

The members of the copartnership named Spann Brothers Auto Supply Company brought this suit, on October 14, 1938, against J. D. Miles to recover $242. Liability of the defendant was predicated upon the claim that one J. C. Burkett on or about December 18, 1936, and while indebted to plaintiffs in said sum of $242 sold a stock of merchandise of approximately the value of $250 or $300 to the defendant without compliance (on the part of the purchaser) with provisions of the Bulk Sales Statutes. R.S.1925, Arts. 4001, 4002. It was alleged that plaintiff was the only creditor and that defendant had converted the stock of merchandise.

The defendant (not in due order of pleading) excepted to plaintiffs' petition (1) specially, on the ground that the cause of action was barred by limitation, and (2) generally. There was a general denial and other special pleas.

In a nonjury trial judgment was rendered for the defendant from which the plaintiffs have appealed.

The judgment is difficult to understand. It recites that the court "after considering the dilatory pleas urged by the defendant, overruled the same and ordered the case to trial upon its merits" etc. However, it further recites that "after the plaintiff had introduced his testimony and rested, the defendant again renewed his pleas to the jurisdiction of the court and general demurrer to the evidence and removed [moved] the court for judgment in favor of the defendant; whereupon the court, after considering the pleadings *and the evidence*, the plea to the jurisdiction *and general demurrer to the plaintiff's petition and the evidence introduced thereunder and the defendant's motion for judgment,* being of the opinion that *said pleas and motion* should be sustained *for the reason that this court is without jurisdiction of the subject matter, the plaintiff having failed to prove a bulk sale or any sale in excess of $200* involved herein, it is, therefore, ordered, adjudged and decreed by the court that *plaintiff take nothing by reason of this suit and that the defendant go hence*" etc. (Italics ours).

The record shows no plea to the jurisdiction, nor demurrer *to the evidence.* If as, the judgment recites, the court had no jurisdiction of the subject matter, it also had no jurisdiction to pass upon a demurrer to the pleadings, or to the evidence, or to render any other judgment than one dismissing the suit. Aside from any question of jurisdiction, if the court really adjudged that plaintiff's pleadings were insufficient to state a cause of action (i. e., subject to a general demurrer) then also, in the absence of amendment, the court had no authority to render any other judgment than one of dismissal. Certainly the court had no authority to adjudge that the plaintiff take nothing and the defendant go hence.

Considering the judgment actually rendered, we would be inclined to disregard as inadvertence and surplusage the recitations regarding want of jurisdiction and purported action on demurrers but for the certainty appearing in the judgment that it was really predicated upon the erroneous view of the law that jurisdiction was a matter controlled by the evidence.

It was wholly immaterial that the plaintiff may have "failed to prove a bulk sale *or any sale in excess of $200.*" (Italics ours) Jurisdiction was determined by the averments in plaintiff's pleadings showing the amount in controversy. In the absence of a plea attacking the jurisdiction on the ground that the averments were made fraudulently for the purposes of conferring apparent jurisdiction, the averments of the pleadings were conclusive of the question of jurisdiction.

Under the circumstances the record wholly fails to show that there was any real consideration and determination upon their merits of the issues involved.

It is, therefore, our decision that the judgment should be reversed and the cause remanded, which is accordingly so ordered.