**SAN ANTONIO CONSERVATION SOC. et al. v. CITY OF SAN ANTONIO et al.**

No. 10053.

Court of Civil Appeals of Texas. Austin.

June 4, 1952.

Rehearing Denied June 25, 1952.

---

Henry Lee Taylor, San Antonio, for appellant.

Harvey L. Hardy, City Atty., Charles J. Matthews, G. Bert Smith, Jr., Asst. Attys., for appellee City of San Antonio.

Davis, Clemens, Knight & Weiss, A. V. Knight, San Antonio, for Endowment Incorporated.

HUGHES, Justice.

This appeal is from a judgment dismissing appellants' suit, rendered after the trial court had sustained numerous special exceptions and pleas in bar and in abatement filed by appellees.

We adopt the following from appellants' brief as showing the nature of this controversy and the parties thereto:

"This suit was filed on November 20, 1951, in the 57th District Court of Bexar County, Texas, by the San Antonio Conservation Society, Ethel Harris, Amos M. Graves, Jr., Warren Hunter, Mark Upson and wife, Ola Upson, Navarro Improvement Company, O. M. Farnsworth and Thomas Gilcrease Foundation, against Endowment Inc., a private corporation, and the City of San Antonio. Eleanor Ward Freeborn intervened and adopted the pleadings of Plaintiffs and especially the pleadings of Mark Upson and wife, Ola Upson.

"Each of Plaintiffs sued individually and also in the following representative capacities: Mark Upson and wife, Ola Upson, and Eleanor Ward Freeborn sued as qualified voters and also as people, residents and inhabitants of the City of San Antonio, and sued in behalf of all qualified voters, people, residents and inhabitants of the City of San Antonio.

"The San Antonio Conservation Society, Ethel Harris, Amos M. Graves, Jr., Warren Hunter, Mark Upson and wife, Ola Upson, Navarro Improvement Company, O. M. Farnsworth and Thomas Gilcrease Foundation, sued, as property owners and taxpayers (except San Antonio Conservation Society) within the City of San Antonio and sued in behalf of all property owners and taxpayers of the City of San Antonio, Texas.

"The San Antonio Conservation Society, Amos M. Graves, Jr., Warren Hunter, Navarro Improvement Company, O. M. Farnsworth and Thomas Gilcrease Foundation also sued as property owners and taxpayers of River Improvement District #15 of the City of San Antonio and sued in behalf of all such property owners and taxpayers of River Improvement District #15 of the City of San Antonio, Texas.

"Plaintiffs sought a permanent injunction enjoining Defendant, Endowment Inc. from constructing and using a vehicular bridge across the San Antonio River between New City Block 405 and Crockett Street and for a mandatory injunction requiring Endowment Inc. and the City of San Antonio to remove all portions of the bridge already constructed and for judgment declaring the ordinance of the City of San Antonio which sought to authorize the construction of the bridge to be null and void and for judgment against Endowment Inc. in favor of the City of San Antonio for the sum of Five Thousand ($5,000.00) Dollars as damages and in the alternative if it be found that the said ordinance is unlawful and no injunction be granted to Plaintiffs, that judgment be rendered in favor of the City of San Antonio against Endowment Inc. for the sum of One Hundred Thousand and no/100 ($100,000.00) Dollars per year rental for each year in which it uses and enjoys the said bridge and easement.

"Defendant, Endowment Inc., filed a plea in abatement and to the jurisdic-

tion and an answer containing 19 special exceptions and certain denials.

"Defendant, City of San Antonio, filed its plea in Abatement no. I and plea in abatement no. II and an answer containing six special exceptions and certain denials.

"The trial court heard the special exceptions and pleas in abatement on November 26, 1951 and rendered judgment sustaining all special exceptions and pleas in abatement and dismissing the suit. No testimony was heard.

"The pleadings of the parties and judgment of the Court in Cause No. F–68768 in the 73rd District Court, entitled San Antonio Conservation Society, et al, vs. Endowment Inc., et al, were introduced in evidence for purposes of the 'plea in abatement and to the jurisdiction' of Endowment Inc.

"All Plaintiffs except Mark Upson and wife, Ola Upson, Amos M. Graves, Jr., and O. M. Farnsworth gave notice of appeal in the decree of the Court and filed their appeal bond on December 13, 1951, * * *.

"Plaintiffs alleged that the Board of Commissioners of the City of San Antonio, on August 2, 1951, attempted to grant a franchise or privilege to Endowment Inc. to build a vehicular bridge across the San Antonio River between New City Block 405 and Crockett Street. That the river at said place is a public place owned by the City of San Antonio in its governmental capacity and said bridge, if completed, will be an easement of indefinite duration which will be used exclusively by a private person for private purposes as a means of ingress and egress to a private parking garage and will not be used for any public purpose whatsoever. They alleged that the construction of the bridge will be a trespass on public property by a private individual. * * *

"Plaintiffs alleged that the proposed ordinance is void for the reason that it was not passed in compliance with Sections 101 and 105 of the Charter of the City of San Antonio in effect at the time of its passage, which sections required that the proposed ordinance be published three times in some newspaper in the City of San Antonio, that at least twenty days expire after such publication before the final vote on said ordinance and that the said ordinance be read in full at three regular meetings of the Board of Commissioners of the City. Also because it violates the charter provision that:

"'no franchise or privilege for the use of any of the public streets or other public places of the City shall ever be granted for any but a strictly public purpose, and any grant of a franchise or privilege hereafter made for the use of any of the public streets or other public places within said City, where from the nature of the case the use thereof would be private or colorably public, or chiefly for private purposes shall be absolutely void.'

" * * * Plaintiffs also alleged that the attempted ordinance is void for uncertainty because the plans and specifications for the bridge were not filed with the City of San Antonio and approved prior to the passage of the ordinance and the commencement of the construction as a result of which the City Council could not have known what kind of bridge was to be built, also because the ordinance was procured through mistake and fraud, because the Board of Commissioners thought that they were approving the erection of a foot bridge whereas the ordinance provided for the erection of a vehicular bridge. This difference was alleged to be a material one.

"Plaintiffs alleged that the bed of the river at the place where the bridge will be constructed is a common, public park and recreation area and was granted to the City of San Antonio by the King of Spain as a common or park and was recognized as such common and park by the Republic of Mexico, Republic of Texas and the State of

Texas at all times since its original grant. They further alleged that the people of the City of San Antonio further acquired a common property right in the river and its banks by prescription or long and continuous use and that by such use the people of San Antonio long ago dedicated the river and its banks to the public use as a common, public park and recreation area. That the place where the bridge will be built has for many years been held by the City of San Antonio as trustee for the use and benefit of the people, residents and inhabitants of the city as a common, park and recreation area and for no other purpose. Plaintiffs alleged that the use of the place where the bridge is to be built, for a privately owned bridge by private persons, for private profit is inconsistent with the purposes for which the said common was acquired by grant and by prescription and is presently enjoyed by the people of the city. That the structure will be a trespass upon city property.

"Plaintiffs alleged that the place where the bridge will be built is a spot of great beauty and charm, combining the natural beauty of the water, trees, grass etc. with artistic plantings, rock walks ornamental stairs, steps and a bridge of ornamental design, all of which was created as a part of the harmonious development of the common, public park and recreation area at great expense to the taxpayers of the city and River Improvement District #15 of the City of San Antonio. They alleged that they have no adequate remedy at law.

"Plaintiff, San Antonio Conservation Society, alleged that it has a special interest in the suit by reason of fact that it purchased and restored two historic houses which abut on the river for the purpose of preserving them and the river as a place of beauty, recreation and profit and as an historic shrine, also that it has contributed a large amount of taxes to pay off the bond issue of River Improvement District #15. Plaintiffs Thomas Gilcrease Foundation and Warren Hunter alleged that they purchased their abutting properties with the expectation that the river, park and recreation area would be retained for the exclusive use of the people and restricted against private commercial use and all Plaintiffs alleged that any structure of a commercial nature which is not in harmony with the beauty of the spot will cause them great financial loss and decrease the value of their property."

From appellants' petition we quote the following:

"The San Antonio Conservation Society would show that it has a special interest in this suit and that it will suffer special damages if the bridge is constructed, completed and used for the following reasons: The Society is a voluntary association of approximately 500 women, the majority of whom are inhabitants and residents of the City of San Antonio. It was organized twenty-seven years ago for the primary purpose of the opposition to and preventing of all unlawful encroachment upon the San Antonio River and adjacent banks and the unauthorized use thereof by private persons and all persons for purposes which are inconsistent with its purpose as a common, park and recreational facility. It has on numerous occasions interceded in the affairs of the City of San Antonio for said purposes and through long practice and the common consent of the People, residents and inhabitants of San Antonio, has become the society primarily concerned with the beautification and preservation of the river and in representing the interests of the People of the City, generally in regard thereto. Pursuant to said policy, the Society has consistently opposed proposals to bridge the river at numerous spots for the purpose of providing parking space for automobiles and other commercial purposes and has consistently opposed the destruction of the

trees, grass and shrubbery along its banks. It has contributed to the beautification program thereof and has spent large sums of money in the purchase and restoration of its two historic houses which abut on the river. All of its efforts and expenditures have been made for the purpose of preserving the river as a place of beauty and recreation and profit and the adjoining properties as historic shrines. * * *

"Plaintiffs represent that all of the People, residents and inhabitants of the City of San Antonio have a cause of action against Endowment Incorporated, and all of the taxpayers of said city, likewise have a cause of action against the said corporation and all of the taxpayers of Improvement District #15, likewise have a cause of action against Endowment Incorporated and the City of San Antonio, and the judgment of this Court will adjudicate the rights of such residents and inhabitants and such taxpayers in this action, and if this Court does not take jurisdiction thereof, then each inhabitant and resident of the City, and each taxpayer of the City and each taxpayer of Improvement District #15, can file a separate suit and there will be a multiplicity of suits. Which multiplicity of suits will be prevented by this Court hearing and deciding this suit.

"Plaintiffs represent that the City of San Antonio and the officers of the City of San Antonio, are Trustees for the people, residents and inhabitants of the City, and the conveyance to Endowment Incorporated of this easement is a breach of trust on the part of the City of San Antonio and its officers to the damage of the Plaintiffs herein."

To this statement we add the fact that no expenditure of public funds by the City of San Antonio is involved or threatened, the bridge in question is to be built and removed, on request of the city, by and at the expense of Endowment Inc.

The plea to jurisdiction (res adjudicata), referred to in the above statement, was based upon a judgment of dismissal in Cause No. F-68768 in the 73rd District Court of Bexar County wherein the San Antonio Conservation Society and Mrs. Ethel Harris were plaintiffs and the City of San Antonio and Endowment Incorporated were defendants. The subject matter of that suit was the same as the subject matter of this suit.

■ Since we are of the opinion that appellants' pleading affirmatively discloses their lack of justiciable interest in this controversy, raised by plea in abatement, we will not discuss any of the other questions presented.

■ The reason that appellants have no justiciable interest in this controversy is that any right which they have to enjoy the charm and beauty of the San Antonio River and its banks within the City of San Antonio is a right shared in common with all the people of San Antonio and with the public in general and any impairment of this right is an injury or damage sustained by appellants in common with the general public. Only lawfully constituted guardians of the pubic interest may maintain actions for the redress of such character of injuries. 1 Tex.Jur. p. 625; Fisher v. City of Bartlett, Tex.Civ.App., Austin, 76 S.W. 2d 535, writ dism.; Sullivan v. Universal Electric Const. Co. of Alabama, Tex.Civ. App., Austin, 227 S.W.2d 387, writ ref. n. r. e.; Powell v. City of Baird, Tex.Civ. App., Eastland, 132 S.W.2d 464.

In their brief appellants say:

"In addition to the rights enjoyed by the public generally abutting property owners have a justiciable interest in a common, park or plaza which has been dedicated to the use of the public. They have the right to keep the way open so that their rights of ingress and egress to their own properties will not be curtailed. They have a right to have their view kept open."

Appellants do not allege that the bridge itself will impede or in any way interfere with ingress to or egress from any property owned by them. They do allege that as a result of the building of such bridge

traffic on adjacent streets will become more congested.

This condition is one which the public in general endures along with appellants. While persons who use these streets frequently would be more inconvenienced than those who seldom go that way, this is not the test. It is the nature of the wrong, injury or damage which controls and not the extent.

The same reasoning applies to other so-called special injuries of which appellants complain, such as the right to view the unmarred beauty of the river and to saunter along its banks. Proximity to the river and parks along its banks does not determine the character of appellants' interests as being justiciable or not. The interests which they seek to protect are the same whether they are used or enjoyed much or little or none. The only interests which appellants alleged in the river and parks is the right of enjoyment. This interest is common to all the people of San Antonio, those who avail themselves of the privilege as well as to those who do not or cannot.

The allegations that appellants' property will depreciate in value as a result of the river and parks becoming less beautiful because of the bridge add nothing to the legal status of appellants. Appellants do not claim any property rights in the river or parks. In the case of Harrell v. Lynch, 65 Tex. 146, the complaint was that a county seat was about to be unlawfully moved and if permitted would lessen the value of plaintiff's property. The Court said:

"As no man has a property right in the location of the county seat, its unlawful removal (no more than a trespass upon the court-yard) gives him no cause of action. Being deprived of no right, the depreciation in the value of his property is not a wrong for which a court of equity, in the absence of a legal remedy, would invent the means of redress."

The judgment of the trial court is affirmed.

Affirmed.