Dan **GENARD** et al., Appellants,

v.

**CITY OF SAN ANTONIO,** Appellee.

No. 13273.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 23, 1957.

As Corrected on Denial of Rehearing

Nov. 27, 1957.

Alter & Wadell, William Alter, James V. Graves, San Antonio, for appellants.

Carlos C. Cadena, Arthur C. Troilo, Jr., San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Dan Genard and seven other plaintiffs against the City of San Antonio, seeking a declaratory judgment to the effect that the "Market House" located · on the east end of New City Block 634, within the corporate limits of the City of San Antonio, known also as "Presidio Square," is dedicated as a "Public Market" and can not be used for any other purpose, and further seeking a temporary injunction, and upon final hearing a permanent injunction, prohibiting the city from using such property for any other purpose than that of a "Public Market." This appeal is from an order of the trial court refusing to issue the temporary injunction.

The City of San Antonio contends that none of the plaintiffs made a showing of a sufficient justiciable interest in the subject matter of this litigation to authorize them or any of them to institute and prosecute this suit. The plaintiffs are, Dan Genard, Arline L. Genard, joined by her husband, Leo Genard, Angelita Mireles, Marion Tarin, Jr., Alex G. Crawford, and Celia T. Alter, joined by her husband, William Alter, who is now deceased. Plaintiffs below, who are appellants here, alleged that they were entitled to maintain this suit, (1) as members of the public, (2) as taxpayers, and (3) as owners of property in the vicinity of the Market House. The city challenged the right of plaintiffs to maintain the suit, by plea in abatement, special exception and affirmative defense.

There is no evidence to show that Arline L. Genard and her husband, Leo Genard, Angelita Mireles, or Alex G. Crawford had any justiciable interest in this suit. Marion Tarin testified that he lived in San Antonio, that, as a tenant, he had operated a meat market in the Market House for thirty-one years, and that his family had been there since 1914. He further testified that he had no written lease with the City and was free to terminate the tenancy any time he wanted to. Dan Genard testified he lived in San Antonio, and there is testimony in the record that he was a taxpayer in the City of San Antonio. William Alter, Esq., testified, "I want to include in my testimony the fact that I am a taxpayer in the City of San Antonio." Dan Genard further testified that he owned "one block between Concho and San Saba, Produce and Buena Vista and part of the block east of that." The sworn pleadings of plaintiffs described "Presidio Square" as being bound "on the east by Santa Rosa Avenue, on the north by West Commerce Street, on the west by San Saba Street, and on the south by Produce Row." Plaintiffs further stated that immediately west of Presidio Square is the "Hay Market," "bounded on the east by San Saba Street, on the north by West Commerce Street, on the west by South Pecos Street and on the south by Produce Row." Thus the land first described by Dan Genard is south and west of the portion of Presidio Square occupied by the Market House. The city is charged with threatening to change the public dedication of only the eastern portion of Presidio Square. The second tract described by Dan Genard is not located with reference to Presidio Square.

The property described by Dan Genard was purchased by his father-in-law in 1880. This was nine years before the "Market House" was moved, in 1889, to

where it is now located. The father-in-law erected his buildings long before the present "Market House Annex" was built, in 1919. There is no evidence as to the time when Dan Genard acquired an interest in the property.

William Alter, husband of Celia T. Alter, testified as to land purchased by his father-in-law in 1924. Land previously owned by his father-in-law was sold to unnamed persons in 1924. The land purchased in 1924 fronts on Commerce Street, Pecos Street and Produce Row. Presidio Square is bound on the west by San Saba Street. "Hay Market Plaza," which is the block west of Presidio Square, is bound on the west by South Pecos Street. Thus the land described by Mr. Alter is separated from Presidio Square by the entire block known as Hay Market Plaza. The land is four or five hundred feet from the building here involved. Mr. Alter testified that his father-in-law relied upon the continuation of the market. However, it developed that this testimony was based on what he had been told by his father-in-law, what he had been told by others, and what he "thought." The father-in-law, Isaac Tobias, was not a party to the suit and did not testify as to his motive.

■ Thus it is seen that Arline L. Genard and husband, Leo Genard, and Alex G. Crawford completely failed to show that they had any right to maintain this suit. Marion Tarin, Jr., had no right to maintain this suit by reason of the fact that he had a lease at will on a part of the Market House. The city had given him notice of the termination of his lease in May, 1957, which required him to vacate by August 10, 1957. It is clear that even had these parties been taxpayers of the City of San Antonio, this fact alone would not have given them the right to maintain this suit. City of San Antonio v. Stumberg, 70 Tex. 366, 7 S.W. 754.

■ The testimony of Dan Genard does not show when he acquired any prop-

erty, but it does show that his father-in-law purchased the land nine years before the "Market House" was moved to its present location. At the time this suit was filed the Market House was not being used as a place where produce was sold. It was used exclusively by two retail meat markets, a restaurant, a retail flower stand, a retail phonograph record stand, and a retail Piggly Wiggly grocery store. Only seven of the twenty-eight stalls were occupied even prior to the eviction notice sent by the city. The city contemplates no action with reference to the Farmers Market, which is west of the building in controversy. It thus appears that none of the appellants have shown themselves to have such a justiciable interest in the subject matter of this lawsuit as to have the right to maintain and prosecute it. In City of San Antonio v. Stumberg the Court held that a taxpayer and citizen whose property does not abut upon the public plaza may not maintain suit; that the right to enjoin a diversion is not such an inherent right as to be governed by the old Spanish law.

The record does not show that the city ever sold lots to anyone, based upon a plat showing the dedication to the public of the land upon which the Market House stands, and therefore such cases as Manziel v. Railroad Commission, Tex.Civ. App., 197 S.W.2d 490, and Clement v. City of Paris, 107 Tex. 200, 175 S.W. 672, do not apply here.

■ Furthermore, it will be noted that the dedication here was not a general dedication but a special dedication of a Market House. No one has a right to presume that such dedication will be continued perpetually, but on the contrary, the city has a right to change a special dedication. State v. Travis County, 85 Tex. 435, 21 S.W. 1029; San Antonio Conservation Society v. City of San Antonio, Tex.Civ.App., 250 S.W.2d 259. It would be improper for the court to have issued a temporary injunction to plaintiffs who had failed to show that they had

a justiciable interest in the subject matter of the suit. Holland v. Taylor, 153 Tex. 433, 270 S.W.2d 219.

The judgment of the trial court refusing the temporary injunction is affirmed.