**James C. SCOTT et al., Appellants,**

v.

**BOARD OF ADJUSTMENT et al.,
Appellees.**

**No. 4403.**

Court of Civil Appeals of Texas.
Waco.

Sept. 2, 1965.

Rehearing Denied Sept. 23, 1965.

Frances Tarlton Farenthold, Charles R. Cunningham, Corpus Christi, for appellants.

I. M. Singer, City Atty., McDonald & Spann, John A. Waller, Corpus Christi, for appellees.

WILSON, Justice.

Two taxpayers brought an injunction proceeding against the City of Corpus Christi, its Board of Adjustment and Greater Corpus Enterprises, Inc., operator of Ramada Inn, to restrain maintenance of a sign authorized by the Board as a variance under the city zoning ordinance. Plaintiffs prayed that the Board's decision and the permit issued thereunder be declared void. Summary judgment was rendered dismissing the action on the ground plaintiffs had no justiciable interest which would justify their prosecution of the suit. We affirm.

The zoning ordinance limits the size of "free-standing signs" (as distinguished from those attached to buildings) in the bayfront business district to an area of 30 square feet. It authorizes erection of signs 230 square feet in area if attached to a building. The Board authorized, as a variance, an unattached Ramada Inn sign of 224 square feet. The petition alleged the decision was arbitrary, capricious and discriminatory, and constituted an abuse of discretion because no hardship justifying a variance existed; and that plaintiffs were property owners who would sustain "material damages" by maintenance of the sign.

One plaintiff and his wife owned, as their only property, a residence several miles from the bayfront area where the sign was erected. Their depositions reflect no claim of damage, and negative damage to property. The only harm asserted is that of "an interested citizen". The other plaintiff owned a vacant lot two blocks from the sign location, and a residence more than three or four blocks distant. Her only "damage", testified to by deposition, was "in the same way the entire bayfront has been damaged scenically". Asked if she sustained any individual property damage, she answered: "That, I wouldn't know".

"Equity does not interfere with the rules or orders of an administrative officer at the suit of a taxpayer" unless the taxpayer had "sustained or will sustain some pecuniary loss therefrom." 6 McQuillin, Municipal Corporations (Rev. ed.) Sec. 2751, p. 956.

Where the taxpayer's injuries affect all members of the public, are common to all the citizens, and are not peculiar to him, he is not the guardian of the public interest, and his individual action will not lie to restrain alleged interference with the public right. He does not have a justiciable interest. City of San Antonio v. Stumberg, 70 Tex. 366, 7 S.W. 754, 755; Hazelwood v. City of Cooper, Tex.Civ.App., 87 S.W.2d 776, 778, writ ref.; Jenkins v. City of Cooper, Tex.Civ.App., 87 S.W.2d 778, writ ref.; San Antonio Conservation Soc. v. City of San Antonio, Tex.Civ.App., 250 S.W.2d 259, 263, writ ref. See also State v. Clark, 161 Tex. 10, 336 S.W.2d 612, 617; Hoffman v. Davis, 128 Tex. 503, 100 S.W.2d 94, 96; Harrell v. Lynch, 65 Tex. 146; Genard v. City of San Antonio, Tex.Civ.App., 307 S.W.2d 592, 594, writ ref. n. r. e.; Sullivan v. Universal Electric Const. Co. of Alabama, Tex.Civ.App., 227 S.W.2d 387, 390 and cases cited.

Because Art. 1011g, Vernon's Ann. Civ.St. empowers "any taxpayer" to complain of illegality of a Board decision, appellants say the foregoing rule is inapplicable to them. A taxpayer would have been authorized to bring the action irrespective of the statute and before it was enacted, if the requisite justiciable interest existed. The statute did not destroy that prerequisite. City of Goose Creek v. Hunnicutt, 118 Tex. 326, 15 S.W.2d 227, 228; Yett v. Cook, 115 Tex. 205, 281 S.W. 837, 841, 842; Hoff v. Westhoff, Tex.Civ.App., 102 S.W. 2d 293; Houston Natural Gas Corporation v. Wyatt, Tex.Civ.App., 359 S.W.2d 257, 259.

The judgment is modified to delete the take-nothing provision, Spann Bros. Auto Supply Co. v. Miles, Tex.Civ.App., 135 S.W.2d 1016, and the judgment as modified is affirmed.