James C. SCOTT et al., Petitioners,

v.

BOARD OF ADJUSTMENT et al.,
Respondents.

No. A–11081.

Supreme Court of Texas.

June 29, 1966.

Rehearing Denied July 27, 1966.

Charles R. Cunningham, Frances Tarlton Farenthold, Corpus Christi, for petitioner.

McDonald & Spann, I. M. Singer, City Atty., John A. Waller, Jr., Corpus Christi, for respondent.

GREENHILL, Justice.

Three taxpayers, Petitioners here, brought an injunction proceeding against the City of Corpus Christi, its Board of Adjustment, and the Greater Corpus Enterprises, Inc., operator of a Ramada Inn. The suit was to restrain the maintenance of a large Ramada Inn sign authorized by the Board as a variance under the City zoning ordinance. The trial court entered a summary judgment dismissing the action on the ground that plaintiffs had no justiciable interest which would justify their prosecution of a suit. That action was affirmed by the Court of Civil Appeals. 393 S.W.2d 837.

A zoning ordinance, among other things, limited the size of signs. The sign in question substantially exceeded the permitted size for the sign of its type. The property on which the sign was erected is on the bay front of Corpus Christi. This area is one generally of scenic beauty, having a required open or yard space between the street and the building erected on the property. The free-standing sign here involved was built in this area ordinarily required to be kept open.

One of the plaintiffs, Mrs. Catherine Bluntzer Tarlton, owned a vacant lot approximately two blocks from the sign's location and within the same zoning area. She also owned a residence several blocks away. The other plaintiffs, James C. Scott and Jim Alice Scott, had a residence several miles from the particular sign. All plaintiffs were taxpayers. Mrs. Tarlton

# 56

testified that the entire bay front would be damaged scenically. She thought property values in the area would be damaged, but she said that she did not know whether her property would be damaged particularly.

■ Article 1011g[1] provides for a Board of Adjustment for cities. The Corpus Christi Board granted to the Greater Corpus Enterprises a permit to erect the sign at its Ramada Inn Motel on Shoreline Boulevard. The action of the plaintiffs, petitioners here, is in effect an appeal (by writ of certiorari) from the action of the Board of Adjustment. The statute provides the following with regard to appeals from the Board of Adjustment:

"Any person or persons, jointly or severally, aggrieved by any decision of the Board of Adjustment, *or any taxpayer,* or any officer, department, board or bureau of the municipality, may present to a court of record a petition, duly verified, setting forth that such decision is illegal, in whole or in part, specifying the grounds of the illegality." [Emphasis ours.]

Thus the statute provides for three separate classes of people who may appeal: (1) any persons aggrieved; or (2) any taxpayer; or (3) any officer, department, board of bureau of the municipality. The three groups are set out disjunctively.

In most cases of this general nature, it has usually been required that the plaintiff be a "person aggrieved" or a person whose interests are adversely affected, or a person having a special interest in the matter. This has been held to be true in the absence of statute. City of San Antonio v. Stumburg, 70 Tex. 366, 7 S.W. 754 (1888); San Antonio Conservation Society v. City of San Antonio, 250 S.W.2d 259 (Tex.Civ. App. 1952, writ ref.). Many statutes give the right to review or to institute suit to "persons aggrieved," "persons adversely affected," "any party in interest," or any persons "whose rights are substantially affected." Davis, Standing to Challenge Governmental Action, 39 Minn.L.Rev. 353 at 357 (1955); Jaffe, Standing to Secure Judicial Review: Public Actions, 74 Harv.L.Rev. 1265 (1961); Jaffe, Standing to Secure Judicial Review: Private Actions, 75 Harv.L.Rev. 255 (1961). Where the statute requires that the person be interested, affected, or aggrieved, or (in the absence of a statute) where the common law rule requiring the showing of particular injury or damage is controlling, the plaintiff must allege and show how he has been injured or damaged other than as a member of the general public in order to enjoin the actions of a governmental body. Such suits are essentially private in character and are for the protection of private rights.

In other instances, however, the courts have recognized the rights of individuals to challenge governmental action without showing any particular damage. A number of these cases are reviewed in Jaffe, Standing to Secure Judicial Review: Private Actions, 75 Harv.L.Rev. 255 at 281 et seq. Within constitutional bounds, the Legislature may grant a right to a citizen or to a taxpayer to bring an action against a public body or a right of review on behalf of the public without proof of particular or pecuniary damage peculiar to the person bringing the suit. Thus, in Spence v. Fenchler, 107 Tex. 443, 180 S.W. 597 (1915), the statute authorized "any citizen" to bring an action to enjoin the operation of a bawdyhouse. The statute went further, specifically providing that "such citizen shall not be required to show that he is personally injured by the acts complained of." This Court concluded that the plaintiff did not have to show particular interest or damage.

A number of states have statutes which authorize the institution and maintenance of suits by citizens or taxpayers. 18 McQuillin, Municipal Corporations, § 52.05 et seq. (3d ed. 1963). Among them are

1. Statutes referred to herein are Vernon's Texas Civil Statutes Annotated.

Maryland and South Dakota. Haines v. City of Rapid City, 59 S.D. 58, 238 N.W. 145 (1931); Mayor and City Council of Baltimore v. Byrd, 191 Md. 632, 62 A.2d 588 (1958). These courts recognize that there is a distinction between granting rights of appeal to "persons aggrieved" on the one hand, and "any taxpayer" on the other. This Court in City of San Angelo v. Boehme Bakery, 144 Tex. 281, 190 S.W.2d 67 (1945), observed that Article 1011g (the statute now under consideration) authorized the institution of suits "not only by the party or parties whose application was denied by the board of adjustment, but by, among others, 'any taxpayer'." 190 S.W.2d at 70.

Since the Legislature has authorized the appeal upon the basis of illegality by any taxpayer [on behalf of the public], and since the plaintiffs here are taxpayers, the courts below erred in dismissing their case. Inasmuch as they are suing as taxpayers, it was not necessary for them to prove particular damage which would be required if they were suing as "persons aggrieved."

Inasmuch as the plaintiffs have the right to bring the suit as taxpayers, we do not reach the question as to whether they have sufficient injury to themselves or their property to be considered "persons aggrieved."

This opinion is not to be construed as approving or disapproving the action of the Board of Adjustment of Corpus Christi. Our holding is that the plaintiffs are entitled to their day in court.

The judgments of the courts below are reversed, and the cause is remanded to the district court for trial.

### DISSENTING OPINION

GRIFFIN, Justice.

I respectfully dissent. I agree with the opinion of the Court of Civil Appeals in this case. Courts are set up for the redress of wrong and to establish rights and not for the purpose of promoting lawsuits.