# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00246-CV

---

**Best Buy Stores, Inc., through its assignees Paul Denucci, Rockey Piazza, and Linda Piazza, Appellant**

**v.**

**Glenn Hegar, in His Capacity as Comptroller of Public Accounts of The State of Texas, and Ken Paxton, in His Capacity as Attorney General of The State of Texas, Appellees**

---

### FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-002623, THE HONORABLE DUSTIN M. HOWELL, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Best Buy Stores, Inc., through its assignees Paul Denucci, Rockey Piazza, and Linda Piazza (collectively, the Assignees), appeals from the district court's order granting the Comptroller's plea to the jurisdiction.[1] We conclude that Best Buy lacks standing to bring its tax refund suit—and accordingly that the Assignees lack standing to bring suit in its place—and affirm.

### BACKGROUND

In 2018, the Assignees sued the Comptroller in district court for a tax refund of $9,130,865.86 plus interest under Chapter 112 of the Texas Tax Code and for "limited

---

[1] For convenience, we use "Comptroller" to refer to both the Comptroller and the Attorney General when describing procedural actions and filings in court.

declaratory findings." The Comptroller responded with a plea to the jurisdiction. The following background recital is taken from the facts alleged in the pleadings, construing the pleadings liberally in favor of the plaintiffs; the relevant jurisdictional evidence submitted by the parties; and our previous decisions related to this case to provide context to the dispute. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004) (describing scope of review in appeal from district court's denial of plea to jurisdiction); *see also Assignees of Best Buy v. Combs*, 395 S.W.3d 847, 852–58 (Tex. App.—Austin 2013, pet. denied) (outlining earlier procedural iteration of this dispute); *Levy v. OfficeMax, Inc.*, 228 S.W.3d 846, 848–49 (Tex. App.—Austin 2007, no pet.) (same).

Between 1998 and 2007, Best Buy had a rebate program for certain goods Texas customers purchased from Best Buy. Pursuant to Best Buy's rebate program, when the customers submitted rebate forms, Best Buy provided a partial refund of the retail price but did not refund any of the collected sales tax the customers paid on the full retail price. "[I]n the sales tax context, tax is collected by a seller adding the sales tax to an initial sales price and then charging that amount to the buyer as part of the new sales price," and "a person who collects a tax holds that money in trust for the State." *Combs v. Health Care Servs. Corp.*, 401 S.W.3d 623, 632–33 (Tex. 2013). "[W]hen such a tax is charged to a buyer, the buyer's understanding is that the portion of the sale attributed to tax will be paid to the government," and "[t]he buyer also knows that any profit the seller makes in the transaction is through the sales price alone." *Id.* at 633. Best Buy remitted the collected taxes for the full retail price to the State.

The Assignees filed suit individually and as a class action against Best Buy, seeking a refund directly from Best Buy, but later amended their petition to seek an assignment from Best Buy of the right to seek a tax refund from the Comptroller. *See Levy*, 228 S.W.3d at

2

848. Best Buy initially proposed a settlement to refund the sales tax to members of the class if Best Buy could receive assurances of a credit for the refunds either by agreement with the Comptroller or by declaratory judgment. *Id.* The Assignees then amended their petition to add the Comptroller as a defendant, the Comptroller filed a plea to the jurisdiction, the district court severed the individual claims and dismissed the class action claim to compel an assignment of refund rights from Best Buy, and the Assignees appealed the dismissal. *Id.* at 848–49. Reversing the district court's judgment and remanding the case, we held that the district court had jurisdiction to consider the Assignees' claims to compel Best Buy to assign its tax refund rights and to certify a class, but we did not opine on the merits of those claims. *Id.* at 850–52 & 851 n.2.

The Assignees and Best Buy then settled their case subject to a class fairness hearing by agreeing that Best Buy would assign to the Assignees and individual class members its right to bring a tax refund claim. *See Assignees of Best Buy*, 395 S.W.3d at 853–54. The district court granted preliminary approval of the settlement, certified the class for settlement purposes only, appointed class counsel, and granted class counsel the power of attorney to represent the members in their individual claims against the Comptroller. *Id.* at 853–55. After class counsel filed written claims with the Comptroller on behalf of the individual class members, the Comptroller denied the refund claims, class counsel filed suit in district court, and the district court granted the Comptroller's plea to the jurisdiction for failure to exhaust administrative remedies. *Id.* at 856–58. On appeal, we affirmed, holding that the district court lacked jurisdiction to appoint the class counsel to represent the class members in the presentation of their *individual* refund claims to the Comptroller, that the portions of the order purporting to appoint class counsel as counsel for the individuals were void, and that the Assignees did not

3

properly exhaust their administrative remedies because class counsel lacked authority to file individual refund claims on the class members' behalf. *Id.* at 868–69.

In 2016, the Assignees then dismissed Best Buy from the suit, "agree[ing], considering the law of this case, that [the Assignees] have no basis for a claim for damages against Best Buy." Best Buy in turn agreed to an injunction compelling it to assign the class its claims for a tax refund before the Comptroller. The Assignees and Best Buy filed an "Agreed Final Injunction and Class Certification Order" (Agreed Order) in district court, which the district court signed in July 2017. The Agreed Order defined the class to include "[a]ll individuals or entities who redeemed a mail-in, retailer rebate for a taxable purchase made from Best Buy . . . where the purchase occurred on or after March 1, 1998 and before July 16, 2007"; appointed class counsel; and ordered Best Buy to execute an assignment to the class of its right to a tax refund. The Agreed Order also ordered "the Class to accept this assignment in lieu of any sales tax refund paid directly by Best Buy, recognizing that the Class will attempt to recover any sales taxes owed to the Class from the Comptroller," and "the Class Counsel"—"[i]f the Class succeeds and recovers money"—to "return to this Court with a proposal for distributing that recovery, inclusive of distribution expenses and a request to recover Class Counsel's fees and expenses from the money recovered from the Comptroller."

In August 2017, Best Buy assigned its right to request a tax refund to the Assignees "individually and on behalf of all others similarly situated," and the Assignees substituted in place of Best Buy as the claimants in the pending administrative hearing for the tax refund. In April 2018, the Comptroller denied the tax refund claim, concluding that the Texas Tax Code does not authorize a class to file a tax refund claim or give the Comptroller authority to grant a class action refund claim. After the Comptroller denied the Assignees' motion for

4

rehearing, the Assignees brought the underlying suit in district court. The Comptroller responded with a plea to the jurisdiction, raising five grounds: (1) the Assignees' claim for declaratory relief seeks an impermissible redundant remedy, (2) the Assignees' rehearing motion failed to state any grounds of error that could result in their entitlement to a tax refund, (3) the Assignees could not receive a refund because Best Buy never refunded the taxes to the customers as required by Section 111.104(f) of the Texas Tax Code, (4) Best Buy had already assigned its right to a tax refund prior to bringing the underlying administrative refund claim, and (5) the Texas Tax Code does not provide for a class action tax refund suit. The district court granted the plea, and the Assignees appealed from the dismissal.

## ANALYSIS

On appeal, the Assignees raise four issues, one of which we consider dispositive: whether the district court erred in dismissing the Assignees' claims for lack of subject matter jurisdiction, a question we review de novo.[2] *See Miranda*, 133 S.W.3d at 225–29 (describing standard). In response to this issue, the Comptroller argues that the district court did not err in dismissing the plea, reasserting the argument that because Best Buy never refunded the sales tax to the customers who paid the tax as required by Section 111.104(f), the district court lacked subject matter jurisdiction over the Assignees' suit. *See* Tex. Tax Code § 111.104(f) ("No taxes, penalties, or interest may be refunded to a person who has collected the taxes from another

---

[2] The other issues, which we do not consider, are: whether the Assignees are entitled to the tax refund as a matter of law, whether the Comptroller can challenge a claimant's claim before the district court on grounds that the Comptroller did not raise during the administrative hearing, and whether the Comptroller's attempt to exercise a judicial function violates the Texas Constitution's separation of powers. We also do not address the trial court's dismissal of the claims for declaratory relief as the Assignees concede on appeal that any declaratory relief is redundant.

person unless the person has refunded all the taxes and interest to the person from whom the taxes were collected.").

We disagree, however, that Section 111.104(f) imposes a jurisdictional requirement and provides a proper basis for affirming an order granting a plea to the jurisdiction. The Legislature has expressly provided that "[s]tatutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity." Tex. Gov't Code § 311.034. But "the term 'pre' indicates the requirement must be met before the lawsuit is filed." *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 512 (Tex. 2012); *see Roccaforte v. Jefferson County*, 341 S.W.3d 919, 925 (Tex. 2011) ("Section 311.034 applies to prerequisites to suit, not notice requirements that can be satisfied only after suit is filed."). In contrast, "the question whether a plaintiff has established his right 'to go forward with [his] suit' or 'satisfied the requisites of a particular statute' pertains 'in reality to the right of the plaintiff to relief rather than to the [subject matter] jurisdiction of the court to afford it.'" *Pike v. Texas EMC Mgmt., LLC*, 610 S.W.3d 763, 774 (Tex. 2020) (quoting *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 76–77 (Tex. 2000)). "We presume 'that the Legislature did not intend to make the [provision] jurisdictional[,] a presumption overcome only by clear legislative intent to the contrary.'" *Roccaforte*, 341 S.W.3d at 925 (quoting *City of DeSoto v. White*, 288 S.W.3d 389, 394 (Tex. 2009)). Although other subsections of Section 111.104 show such "clear legislative intent," subsection (f) evinces no such intent. Rather, subsection (f) addresses the right to relief and demonstrates an intent to bar recovery absent the "refund[ing of] all the taxes and interest to the person from whom the taxes were collected." Tex. Tax Code § 111.104(f). Accordingly, lack of compliance with Section 111.104(f) is not a proper ground to affirm the trial court's order granting the Comptroller's plea to the jurisdiction; while the provision may bar recovery on the

6

merits, it is not a jurisdictional prerequisite to suit. *See Pike*, 610 S.W.3d at 774 & n.6 (noting that "statutory requirements and elements of a claim necessary to prevail on the merits are not jurisdictional" and that "a plaintiff does not lack standing in its proper, jurisdictional sense 'simply because he cannot prevail on the merits of his claim; he lacks standing [when] his claim of injury is too slight for a court to afford redress'" (quoting *Meyers v. JDC/Firethorne, Ltd.*, 548 S.W.3d 477, 484–85 (Tex. 2018))).

In discussing Section 111.104(f) on appeal, however, the Comptroller also briefly identified a constitutional standing issue. *See Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993) (holding that standing requirement cannot be waived and may be raised for first time on appeal). Pursuant to our authority, *see* Tex. R. App. P. 38.1(i), .2(a)(1), .9(b); *St. John Missionary Baptist Church v. Flakes*, 595 S.W.3d 211, 216 (Tex. 2020) (per curiam), we requested supplemental briefing addressing whether the Assignees satisfied constitutional standing requirements. The Comptroller argues that "Best Buy would have constitutional standing for a refund suit only if it refunded its customers' tax payments to them, and to this date it has not done so"; "Best Buy lacks standing because it has not sustained a concrete injury: it has not expended any of its own funds"; and "[b]ecause Best Buy has never had constitutional standing to sue the Comptroller, and the [Assignees'] standing is dependent on Best Buy's, the [Assignees] lack standing to bring this suit." For the following reasons, we agree.

To provide some context, before 2003, the Assignees would have been able to pursue a tax refund directly, without an assignment from Best Buy, and would have satisfied the constitutional standing requirement in their individual capacity to bring a tax refund suit. At that time, Section 111.104(b) provided, "A tax refund claim may be filed with the comptroller by the

7

person who paid the tax." *Fleming Foods of Tex., Inc. v. Rylander*, 6 S.W.3d 278, 280 (Tex. 1999) (quoting former Tex. Tax Code § 111.104(b)). The Texas Supreme Court construed the provision as "clearly and unambiguously" providing that customers who paid sales taxes may "file for refunds of sales taxes even though the tax was collected by a vendor rather than paid directly to the State" and "without first obtaining an assignment from the vendor who collected and remitted the tax." *Id.* at 279–80. In 2003, however, the Legislature amended Section 111.104(b) to its current form: "A tax refund claim may be filed with the comptroller only by the person who *directly* paid the tax to this state or by the person's attorney, assignee, or other successor." *Levy*, 228 S.W.3d at 850 (quoting Tex. Tax Code § 111.104(b)) (emphasis added). In *Levy*, we construed the amended provision to preclude customers "from filing a refund claim with the Comptroller as persons who did not pay the tax 'directly' to the state," although we noted that "the statute allows an assignee to file a refund claim with the Comptroller, even if the assignee did not directly pay the tax to the state." *Id.* But we did not consider whether an assignee could bring a tax refund claim if the assignor did not refund some or "all the taxes and interest to the person from whom the taxes were collected." *See* Tex. Tax Code § 111.104(f).[3]

---

[3] The Assignees argue that this Court's statement in *Levy v. OfficeMax, Inc.* that the taxpayers "may file a refund claim with the Comptroller once they have procured an assignment from the Retailers," 228 S.W.3d 846, 850 (Tex. App.—Austin 2007, no pet.), is "the law of this case" and "firmly established these plaintiffs have **standing**." But regarding constitutional standing to file a refund claim under the Texas Tax Code as Best Buy's assignees, this statement in *Levy* is dicta, not "the law of this case." *See id.* at 851 (noting that "appellants in this case have not yet filed a refund claim under the tax code"). The statement was made in the context of construing Section 111.104(b) as "preclud[ing] appellants from filing a refund claim with the Comptroller as persons who did not pay the tax 'directly' to the state" and as "allow[ing] an assignee to file a refund claim with the Comptroller, even if the assignee did not directly pay the tax to the state." *Id.* We did not address the question of whether the Assignees would have standing to file a refund claim as Best Buy's assignees; we were stating only that Section 111.104(b) did not preclude such a claim and that "an assignment of refund rights from the Retailers" was "a necessary precursor to filing a refund claim with the Comptroller." *Id.* at 852.

8

Although Section 111.104(f)'s requirement to refund "all the taxes and interest" to recover on a tax refund claim is not jurisdictional, it nevertheless intimates the jurisdictional issue of how a vendor would have constitutional standing if it has not refunded to its customers any of the sales taxes it has remitted to the State. The standing requirement "derives from the Texas Constitution's separation of powers among the departments of government, which denies the judiciary authority to decide issues in the abstract, and from the Open Courts provision, which provides court access only to a 'person for an injury done him,'" and a "court has no jurisdiction over a claim made by a plaintiff without standing to assert it." *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304 (Tex. 2008) (citing Tex. Const. art. I, § 13). Standing is a constitutional prerequisite to suit. *Heckman v. Williamson County*, 369 S.W.3d 137, 150 (Tex. 2012). "Under Texas law, as under federal law, the standing inquiry begins with the plaintiff's alleged injury." *Id.* at 155. To satisfy the standing requirement, "[t]he plaintiff must be *personally* injured—he must plead facts demonstrating that he, himself (rather than a third party or the public at large), suffered the injury." *Id.*; *see DaimlerChrysler*, 252 S.W.3d at 304 ("For standing, a plaintiff must be personally aggrieved[.]").

The Assignees cannot rely on their own alleged injury to establish a personal injury when they sued as assignees and not in their respective individual capacities.[4] An assignee stands in the shoes of the assignor; an assignee is not a party to the suit in an individual capacity and may assert only those rights that the assignor could assert. *See Southwestern Bell Tel. Co. v. Marketing on Hold Inc.*, 308 S.W.3d 909, 916 (Tex. 2010) (noting that assignee "is considered under the law to have suffered the same injury as the assignors and have the same

---

[4] And, as we noted in *Levy*, the Assignees could not have brought a tax refund suit in their individual capacities. 228 S.W.3d at 848–50.

ability to pursue the claims"); *Gulf Ins. v. Burns Motors, Inc.*, 22 S.W.3d 417, 420 (Tex. 2000) ("As assignee, Burns Motors stands in Nash's shoes and may assert only those rights that Nash himself could assert."); *John H. Carney & Assocs. v. Texas Prop. & Cas. Ins. Guar. Ass'n*, 354 S.W.3d 843, 850 (Tex. App.—Austin 2011, pet. denied) ("An assignee 'stands in the shoes' of the assignor but acquires no greater right than the assignor possessed.").

We cannot conclude that the Assignees have pled facts that would establish standing based on Best Buy's being personally aggrieved or that there is any evidence in the record of a personal injury to Best Buy. As Best Buy merely collected the sales tax from the customers, "hold[ing] that money in trust for the State," *see Combs*, 401 S.W.3d at 632–33, and then remitted the sales tax to the State, Best Buy has not been personally aggrieved unless it has refunded at least some of the sales tax to the customers, *see Acme Iron & Metal Co. v. Republic Waste Servs. of Tex., Ltd.*, No. 03-17-00664-CV, 2018 WL 6519581, at *3 (Tex. App.—Austin Dec. 12, 2018, no pet.) (mem. op.) (noting that when plaintiffs have "suffered no damages," they have "no legally cognizable injury" and therefore "no standing"). And after reviewing the entire record, the undisputed evidence shows that Best Buy has not been personally aggrieved. *See State v. Holland*, 221 S.W.3d 639, 643 (Tex. 2007) ("[I]f the relevant undisputed evidence negates jurisdiction, then the plea to the jurisdiction must be granted." (citing *Miranda*, 133 S.W.3d at 227–28)); *Texas Ass'n of Bus.*, 852 S.W.2d at 446 ("[W]hen a Texas appellate court reviews the standing of a party sua sponte, it must construe the petition in favor of the party, and if necessary, review the entire record to determine if any evidence supports standing."). The Agreed Order states that the Assignees accepted the assignment of Best Buy's right to bring a tax refund suit "in lieu of *any* sales tax refund paid directly by Best Buy." (Emphasis added.)

10

The Assignees argue that "[u]nder the statute governing taxes, Best Buy need not be personally aggrieved to pursue its refund; it need only be a tax permitted seller." But the Texas Supreme Court has held that the Legislature cannot set a "lower" standard "than that set by the general doctrine of standing" because "courts' constitutional jurisdiction cannot be enlarged by statute." *Finance Comm'n v. Norwood*, 418 S.W.3d 566, 582 n.83 (Tex. 2013); *see In re Allcat Claims Serv., L.P.*, 356 S.W.3d 455, 462 (Tex. 2011) (orig. proceeding) ("If the grant of jurisdiction . . . authorized in the statute exceeds the limits of Article V, Section 3(a), then we simply exercise as much jurisdiction over the case as the Constitution allows[.]"); *In re Lazy W Dist. No. 1*, 493 S.W.3d 538, 544 (Tex. 2016) (orig. proceeding) ("For the Legislature to attempt to authorize a court to act without subject matter jurisdiction would violate the constitutional separation of powers."); *McAllen Med. Ctr., Inc. v. Cortez*, 66 S.W.3d 227, 231 (Tex. 2001) ("But the interlocutory appeal statute does not supplant the constitutional requirement that the court of appeals have subject-matter jurisdiction, and both ripeness and standing are necessary components of that jurisdiction."); *In re LoneStar Logo & Signs, LLC*, 552 S.W.3d 342, 350–51 (Tex. App.—Austin 2018, orig. proceeding) ("We are to presume that the Legislature codified its statutory versions of 'derivative action[s]' . . . without intending to stretch statutory standing so far as to potentially implicate justiciability concerns."); *Texas Quarter Horse Ass'n v. American Legion Dep't of Tex.*, 496 S.W.3d 175, 185 (Tex. App.—Austin 2016, no pet.) ("We must instead construe 'party' in section 2001.901 to extend no farther than what the Texas Constitution allows—to presume or incorporate the jurisdictional requirement that the 'party' possess a justiciable interest and standing to appeal."). Thus, whether Best Buy has statutory standing does not resolve the issue of whether it has constitutional standing.[5]

---

[5] In the context of taxpayer suits for injunctive relief, the Texas Supreme Court has

We recognize the implications of our holding: Best Buy has not been personally injured and therefore does not have constitutional standing until it has refunded at least some of the taxes to its customers, but the Texas Tax Code permits it as the person who "directly" paid

recognized that the Legislature may "[w]ithin constitutional bounds . . . grant a right to a citizen or to a taxpayer to bring an action against a public body . . . without proof of particular or pecuniary damage peculiar to the person bringing the suit." *Scott v. Board of Adjustment*, 405 S.W.2d 55, 56 (Tex. 1966) (holding taxpayers had standing to bring injunction proceeding against city and other entities); *see Spence v. Fenchler*, 180 S.W. 597, 609 (Tex. 1915) (concluding plaintiff did not have to show particular interest or damage when statute authorized "any citizen" to bring action to enjoin operation of bawdyhouse); *see also Grossman v. Wolfe*, 578 S.W.3d 250, 257 n.4 (Tex. App.—Austin 2019, pet. denied) (relying on *Scott* and *Spence* but questioning their continued status by noting that United States Supreme Court in *Lujan* has held that general standing rules apply "regardless of an express statutory-standing provision" and that Texas Supreme Court "frequently cites to *Lujan* for standing principles" although "it has done so in cases that did not involve statutorily created standing" (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 571–78 (1992))). The *Scott* rule is also similar to "a narrow, judicially-created exception" for taxpayer standing: "a taxpayer has standing to sue to enjoin the illegal expenditure of public funds, and need not demonstrate a particularized injury." *Andrade v. Venable*, 372 S.W.3d 134, 137 (Tex. 2012) (per curiam). Finally, the Texas Supreme Court has implied in dicta that the Legislature may bestow standing on an individual without that individual having satisfied the general requirements for standing. *See, e.g.*, *Jefferson County v. Jefferson Cnty. Constables Ass'n*, 546 S.W.3d 661, 666 (Tex. 2018) ("Generally, unless standing is conferred by statute, a plaintiff must demonstrate that he or she possesses an interest in a conflict distinct from that of the general public, such that the defendant's actions have caused the plaintiff some particular injury." (quoting *Sneed v. Webre*, 465 S.W.3d 169, 180 (Tex. 2015))); *Hunt v. Bass*, 664 S.W.2d 323, 324 (Tex. 1984) ("This general rule of standing is applied in all cases absent a statutory exception to the contrary."); *see also Grossman*, 578 S.W.3d at 256–57 (collecting cases). It is difficult to reconcile these cases with the established principle that the Legislature cannot set a "lower" standard "than that set by the general doctrine of standing" because "courts' constitutional jurisdiction cannot be enlarged by statute." *Finance Comm'n v. Norwood*, 418 S.W.3d 566, 582 n.83 (Tex. 2013). However, *Scott* expressly recognized that statutory standing must be "[w]ithin constitutional bounds." 405 S.W.2d at 56. And the Comptroller argues, "When the Legislature confers citizen standing, it waives the requirement that an injury be particularized, that is, distinct from the injury to the general public, but the Legislature does not waive the requirement that the plaintiff suffer any injury at all." To the extent the line of cases stemming from *Scott* and *Spence* remains binding law providing an exception from the constitutional standing requirements, the line of cases can be distinguished as concerning taxpayer and citizen suits for injunctions for which there is a general injury but perhaps not proof of a particular injury, which is unlike the claim for a tax refund here where the injury is distinctly personal. We therefore conclude, consistent with *Norwood*, that the statutory grant to bring a tax refund suit does not set a "lower" standard "than that set by the general doctrine of standing." 418 S.W.3d at 582 n.83.

12

the sales taxes to the State to file a tax refund claim (although it cannot recover until it has refunded all taxes and interests); the Assignees have alleged individual injuries that potentially could be redressed by a tax refund, but the Texas Tax Code prohibits a tax refund claim in their individual capacities when they did not "directly" pay the sales tax to the State; and the Texas Tax Code permits Best Buy to assign its claims to the Assignees, but the Assignees may rely only on an injury to Best Buy to establish standing. The Legislature chose to amend Section 111.104(b) to permit the filing of a tax refund claim by a person who "directly" paid the tax to the State but not by a person who paid sales tax to a vendor who remitted the tax to the State. It is not our province to evaluate the wisdom of the Legislature's choice in enacting policies; our duty is to apply the law as written. *See Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 133 (Tex. 2019) ("It is not the Court's task to choose between competing policies addressed by legislative drafting. We apply the mandates in the statute as written." (quoting *In re Texas Dep't of Fam. & Protective Servs.*, 210 S.W.3d 609, 614 (Tex. 2006) (orig. proceeding))). As the law is currently written and given the constitutional standing requirements to bring suit, we cannot conclude on this record that the Assignees have constitutional standing as Best Buy's assignees to bring Best Buy's tax refund claim. For these reasons, we overrule the Assignees' first issue. Because this issue is dispositive of the appeal, we do not consider the Assignees' other issues.

## CONCLUSION

We affirm the trial court's judgment granting the Comptroller's plea to the jurisdiction and dismissing the case.

13

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed

Filed:   April 16, 2021