# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-06-00391-CV

**Tara Levy, Rockey Piazza and Linda Piazza,
on behalf of all others similarly situated, Appellants**

**v.**

**OfficeMax, Inc.; Best Buy Stores, LP; and Carole Keeton Strayhorn,
Comptroller of Public Accounts, Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. D-1-GN-02-001252, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING**

## O P I N I O N

The issue in this case is whether customers who receive a rebate on a retail purchase may pursue a class action against the retailer to obtain an assignment of refund rights attributable to the rebate in order to file a tax refund claim with the State. Although the district court allowed the individual plaintiffs to pursue their claims for injunctive relief to compel an assignment, it dismissed their class claims for want of jurisdiction. Because we conclude that the district court had jurisdiction to consider the class claims, we reverse the district court's judgment and remand this case for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellants Rockey and Linda Piazza and Tara Levy purchased items from appellees Best Buy Stores, LP and OfficeMax, Inc. (collectively the "Retailers") that were eligible for rebates.

The Piazzas bought items from Best Buy, and Levy bought items from OfficeMax. For each of the items, appellants paid retail price as well as sales tax on the full retail price. They subsequently complied with the applicable rebate programs and received rebates of a portion of the retail price. They did not, however, receive a refund of the sales tax paid on the rebated portion.

Appellants filed suit individually and as a class action against the Retailers. The nature of the relief they requested evolved. Initially, appellants sought refunds directly from the Retailers. They amended their petition to seek, in the alternative, assignments from the Retailers of the right to seek a refund from the Texas Comptroller of Public Accounts. A tentative settlement agreement was reached with Best Buy in which Best Buy would refund all sales tax to members of the class if Best Buy could receive assurances either by agreement with the Comptroller or by declaratory judgment that Best Buy would be allowed to credit the amount refunded against its future sales tax payments to the Comptroller. The Comptroller agreed to allow a credit for most of the refunds, but concluded that some were barred by the statute of limitations.

Appellants subsequently amended their petition to join the Comptroller as a defendant, seeking a declaratory judgment that the filing of their lawsuit against the Retailers tolled the statute of limitations. The Comptroller filed a plea to the jurisdiction asserting that appellants had failed to exhaust their administrative remedies, that they could seek relief only through the tax code procedures, and that their claims for declaratory relief were not ripe. The district court granted the Comptroller's plea to the jurisdiction. However, because the effect of the court's order on the claims against the Retailers was unclear, the court twice clarified its order. The final order dismissed all of appellants' claims except for (i) their individual claims for injunctive relief to compel an

2

assignment from the Retailers of the right to pursue a tax refund from the Comptroller and (ii) their individual claims for damages beyond the amount of any tax refund.[1] The order expressly stated that all claims for class-wide relief were dismissed for lack of jurisdiction. Pursuant to an agreed order, the district court severed the individual claims from all of the dismissed claims, making the court's order as to the dismissed claims final and appealable. This appeal followed.

## ANALYSIS

On appeal, appellants challenge only the trial court's dismissal of the claims filed as a class action to compel an assignment of refund rights from the Retailers. They do not appeal the dismissal of their claims against the Comptroller for declaratory relief, nor do they appeal the dismissal of their claims for a direct refund from the Retailers. In support of their appeal, appellants argue that class actions are generally available in Texas to provide injunctive relief. Thus, appellants contend that the district court had jurisdiction to consider their class action claims for a mandatory injunction compelling the Retailers to assign refund rights. They further contend that any limitations on the use of a class action in administrative proceedings before the Comptroller has no bearing on the district court's jurisdiction to hear the class claims in this case.

### *Standard of review*

We review the district court's grant of a plea to the jurisdiction *de novo*. *State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). When reviewing

---

[1] The claims for damages were abated "until such time as the agency proceeding is final" and are not before us on appeal.

3

the trial court's order of dismissal for lack of subject-matter jurisdiction, we do not consider the merits of the case, but only the facts alleged in the pleadings and any evidence relevant to the jurisdictional inquiry. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). The plaintiff must allege facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Richardson v. First Nat'l Life Ins. Co.*, 419 S.W.2d 836, 839 (Tex. 1967). To prevail on a plea to the jurisdiction, the party challenging jurisdiction must show that even if all of the allegations in the plaintiff's petition are taken as true, there is an incurable jurisdictional defect on the face of the pleadings that deprives the trial court of jurisdiction to hear the case. *Rylander v. Caldwell*, 23 S.W.3d 132, 135 (Tex. App.—Austin 2000, no pet.). Unless the petition affirmatively demonstrates a lack of jurisdiction, the trial court must construe the petition liberally in favor of jurisdiction. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *Peek v. Equipment Serv. Co.*, 779 S.W.2d 802, 804 (Tex. 1989).

### *Statutory construction*

Our resolution of this appeal turns on the statutory construction to be given section 111.104 of the tax code. In construing section 111.104, our primary goal is to determine and give effect to the legislature's intent. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). We begin with the plain language of the statute at issue and apply its common meaning. *Id*. To determine legislative intent, we look to the statute as a whole, as opposed to isolated provisions. *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). We may also consider the legislative history, former statutory provisions, administrative constructions of the statute, and the consequences of a particular construction. *See* Tex. Gov't Code Ann. § 311.023 (West 2005).

4

The Texas Supreme Court has previously considered the construction of section 111.104 in *Fleming Foods, Inc. v. Rylander*, 6 S.W.3d 278 (Tex. 1999). In that case, the supreme court held that the plain language of section 111.104 allowed a taxpayer who paid sales tax to a vendor rather than directly to the State to pursue a refund from the State without first obtaining an assignment from the vendor who collected and remitted the tax. *Id.* at 279. At the time *Fleming Foods* was decided, section 111.104(b) provided, "[a] tax refund claim may be filed with the comptroller by the person who paid the tax." *Id.* at 280 (quoting former section 111.104(b)). Because Fleming Foods was a "person who paid the tax" within the meaning of the statute, the supreme court held that Fleming Foods could pursue its refund claim directly with the Comptroller without first obtaining an assignment from the vendor. *Id.* at 281, 286.

After the supreme court decided *Fleming Foods*, the legislature amended section 111.104(b) of the tax code. *See* Act of June 2, 2003, 78th Leg., R.S., ch. 1310, § 86, 2003 Tex. Gen. Laws 4748, 4782. Section 111.104(b) now provides, "A tax refund claim may be filed with the comptroller only by the person who directly paid the tax to this state or by the person's attorney, assignee, or other successor." Tex. Tax Code Ann. § 111.104(b) (West Supp. 2006). Thus, the question before us is the interpretation of the amended version of section 111.104(b).

In contrast to the version of section 111.104(b) in effect when the supreme court decided *Fleming Foods*, that section now provides that only a "person who *directly* paid the tax to this state or . . . the person's attorney, *assignee*, or other successor" may file a refund claim with the Comptroller. *Id.* § 111.104(b) (emphases added). Our goal in construing the amended version of section 111.104(b) is to carry out the legislature's intent. *See In re Missouri Pac. R.R. Co.*,

5

998 S.W.2d 212, 216 (Tex. 1999). By its amendment to section 111.104(b), we may not presume that the legislature has done a useless act. *Id.* Accordingly, we must give effect to the amended language of section 111.104(b).

In its current form, the plain language of section 111.104(b) allows a person who "directly" paid the tax to the state, that person's attorney, assignee, or other successor to file a refund claim with the state. *See* Tex. Tax Code Ann. § 111.104(b). The amended statute precludes appellants from filing a refund claim with the Comptroller as persons who did not pay the tax "directly" to the state. *Id.* But the statute allows an assignee to file a refund claim with the Comptroller, even if the assignee did not directly pay the tax to the state. *Id.* Therefore, we conclude appellants may file a refund claim with the Comptroller once they have procured an assignment from the Retailers.

The question then becomes how to procure an assignment of refund rights. Appellants argue that they may pursue their assignment claims in the district court, while the Retailers contend that appellants must exhaust their administrative remedies by filing their claims with the Comptroller. Alternatively, the Retailers argue that even if a cause of action exists for appellants to pursue their claims for assignment in the district court, appellants may not do so by class action.

1.    *Claims for assignment*

The parties have cited no authority, and we have found none, that gives the Comptroller jurisdiction, exclusive or otherwise, to compel an assignment from the Retailers. *See Texas Natural Res. Conservation Comm'n v. Lakeshore Util. Co.*, 164 S.W.3d 368, 377 (Tex. 2005)

6

(holding agencies are creatures of statute and lack inherent authority); *Sexton v. Mount Olivet Cemetery Ass'n*, 720 S.W.2d 129, 137 (Tex. App.—Austin 1986, writ ref'd n.r.e.) (holding agencies may exercise only those specific powers conferred upon them by law in clear and express language, and no additional authority will be implied by judicial construction). Although section 111.104(b) of the tax code allows an assignee to file refund claims with the Comptroller, it says nothing about how to become an assignee, nor does it specify a procedure for obtaining an assignment of refund rights. Tex. Tax Code Ann. § 111.104(b). Thus, we are persuaded by appellants' argument that the Comptroller lacks jurisdiction to consider appellants' claims to compel an assignment from the Retailers.

In contrast, district courts in Texas are courts of general jurisdiction with the power to "hear and determine any cause that is cognizable by courts of law or equity" and to "grant any relief that could be granted by either courts of law or equity." Tex. Gov't Code Ann. §§ 24.007-.008 (West 2004); *see also* Tex. Const. art. V, § 8; *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex. 2002); *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000). As a court of general jurisdiction, we conclude that the district court has jurisdiction to consider appellants' claims against the Retailers for assignment of refund rights.[2] *Id.*; *cf. Fleming Foods*, 6 S.W.3d at 279 (holding that prior version of section 111.104(b) allowed taxpayer to file claim without obtaining assignment).

---

[2] We express no opinion on the merits of such claims.

*2.     Class action*

We likewise reject the Retailers' claim that even if a cause of action exists to allow a consumer to compel an assignment from a seller, the assignment cannot be accomplished through a class action. The Retailers base their claim upon distinctions in the tax code, which explicitly provides for class actions in tax *protest* suits but is silent as to the use of class actions for tax *refund* suits. *Compare* Tex. Tax Code Ann. § 112.055 (West 2001) *with* Tex. Tax Code Ann. § 112.151 (West 2001).

In support of their claim, the Retailers point to a statement in *Burgess v. Gallery Model Homes* that "'the Texas Tax Code affords an aggrieved taxpayer the *only* means for claiming or suing for a refund of overcharged sales tax, namely the procedures prescribed by sections 111.104, 111.105, and 112.151, *et. seq.* of the Tax Code and the regulations promulgated thereunder.'" 101 S.W.3d 550, 558 (Tex. App.—Austin 2003, pet. denied) (quoting *Serna v. H.E. Butt Grocery Co.*, 21 S.W.3d 330, 335 (Tex. App.—San Antonio 1999, no pet.)) (emphasis added). Thus, the Retailers claim that the right to compel an assignment, if it exists, must be derived from the tax code itself or the Comptroller's regulations, none of which contains express language allowing class actions for refund claims. Because neither the tax code nor the Comptroller's regulations reference a class action for refund claims, the Retailers argue that the district court in this case is without jurisdiction to hear the appellants' class action claims for an assignment.

But appellants in this case have not yet filed a refund claim under the tax code. While the language of tax code section 111.104(b) clearly contemplates assignments, the tax code does not specify any procedures for obtaining an assignment. Instead, an assignment is a prerequisite for a consumer to use the refund procedures set forth in the tax code. The tax code is silent as to the

possibility of compelling an assignment. The appellants' position is that Due Process requires some method for compelling an assignment.

That appellants have pursued class relief does not deprive the district court of jurisdiction. A class action is merely a procedural device intended to advance judicial economy by trying claims together that lend themselves to collective treatment. *Southwestern Refining Co. v. Bernal*, 22 S.W.3d 425, 437 (Tex. 2000). "Procedural devices may 'not be construed to enlarge or diminish any substantive rights or obligations of any parties to any civil action.'" *Id.* (quoting Tex. R. Civ. P. 815); *see also* Tex. Gov't Code Ann. § 22.004(a) (West 2004). Accordingly, we conclude the district court has jurisdiction to consider appellants' claims against the Retailers to compel an assignment of refund rights and to consider whether a class should be certified.

***Timing***

Finally, Best Buy argues appellants' claims are barred by the decisions in *Burgess*, *Serna* and *Rahmes v. Louis Shanks of Texas, Inc.*, No. 03-04-00298-CV, 2005 Tex. App. LEXIS 10222 (Tex. App.—Austin Dec. 9, 2005, no pet.) (mem. op.), because appellants' claims arose prior to the 2003 amendments to section 111.104 of the tax code and, at that time, the tax code allowed consumers to file refund claims directly with the Comptroller without obtaining an assignment from the Retailers. *See also Fleming Foods*, 6 S.W.3d at 281, 286. We disagree.

There is nothing in the tax code that compels appellants to file their claims at the precise time or date on which they arose. That the 2003 amendments have now cut off appellants' right to pursue a refund claim directly with the Comptroller without first obtaining an assignment from the Retailers does not foreclose appellants' ability to pursue their claims for assignment.

9

Moreover, the decisions in *Burgess*, *Serna* and *Rahmes* are distinguishable. In each of those cases, the plaintiffs were pursuing a tax refund directly from the retailer, instead of filing their claims with the Comptroller. *See Burgess*, 101 S.W.3d at 552; *Serna*, 21 S.W.3d at 332-33; *Rahmes*, 2005 Tex. App. LEXIS 10222, at *1. In this case, appellants are not asking for a refund from the Retailers. Rather, they seek only an assignment of refund rights from the Retailers—a necessary precursor to filing a refund claim with the Comptroller. *See* Tex. Tax Code Ann. § 111.104(b). We believe that Best Buy's argument is better addressed by the district court on remand as part of its consideration of whether to certify a class under Texas Rule of Civil Procedure 42 and how to define the scope of claims included in any class that may ultimately be certified.

## CONCLUSION

Because we conclude that the district court has jurisdiction to consider appellants' claims for assignment against the Retailers and request for class certification, we reverse the district court's judgment dismissing those claims for want of jurisdiction and remand this case to the district court for further proceedings consistent with this opinion.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Pemberton and Waldrop

Reversed and Remanded

Filed: June 19, 2007

10