# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON MOTION FOR REHEARING

## NO. 03-19-00246-CV

**Rockey Piazza, Linda Piazza, and Paul Denucci, as Assignees of Best Buy Stores, Inc., Appellants**

**v.**

**Glenn Hegar, in His Capacity as Comptroller of Public Accounts of The State of Texas, and Ken Paxton, in His Capacity as Attorney General of The State of Texas, Appellees**

### FROM THE 345TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-002623, THE HONORABLE DUSTIN M. HOWELL, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

After considering the motion for rehearing filed by Rockey Piazza, Linda Piazza, and Paul Denucci, as assignees of Best Buy Stores, Inc., and as representatives of a class (the Appellants), we deny the motion but withdraw our April 16, 2021 opinion and our April 19, 2021 corrected judgment and substitute the following opinion and judgment in their place.[1] The Appellants appeal from the district court's judgment granting the Comptroller's plea to the jurisdiction and dismissing their claims for declaratory judgment and a tax refund. For the following reasons, we affirm.

---

[1] On rehearing, we have also received and considered various amicus briefs raising practical implications and identifying additional federal and other state law that were not addressed by the parties in their appellate briefing.

## BACKGROUND

In 2018, the Appellants sued the Comptroller in district court for a tax refund of $9,130,865.86 plus interest under Chapter 112 of the Texas Tax Code and for "limited declaratory findings." The Comptroller responded with a plea to the jurisdiction. The following background recital is taken from:

- the facts alleged in the pleadings, construing the pleadings liberally in favor of the plaintiffs and taking as true all evidence favorable to the nonmovant, *see Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex. 2004);

- our previous decisions relating to earlier procedural iterations of this dispute to provide context, *see Assignees of Best Buy v. Combs*, 395 S.W.3d 847 (Tex. App.—Austin 2013, pet. denied); *Levy v. OfficeMax, Inc.*, 228 S.W.3d 846, 848–49 (Tex. App.—Austin 2007, no pet.); and

- the jurisdictional evidence submitted by the parties, including

  o an affidavit by the Comptroller's custodian of records,

  o Best Buy's April 17, 2008 Assignment of Right to Refund (the 2008 Assignment),

  o Best Buy's August 2, 2017 Assignment of Right to Refund (the 2017 Assignment),

  o Best Buy's 2008 written communications with the Comptroller's audit division,

  o a July 28, 2017 Agreed Final Injunction and Class Certification Order (the 2017 Agreed Order),

  o the Comptroller's March 23, 2010 decision in the earlier administrative proceeding Hearing No. 102,508 (the 2010 Decision), and

  o the Comptroller's March 29, 2018 decision in the underlying administrative proceeding Hearing No. 101,957 (the 2018 Decision).

Our decision today primarily concerns the fact that there were two assignments of the same right: the 2008 and 2017 Assignments. As relevant to this appeal, the background, including the administrative and court procedural history, is long and complex, to which we now turn.

Between 1998 and 2007, Best Buy had a rebate program for certain goods customers purchased. When customers submitted rebate forms, Best Buy partially refunded the retail price but did not refund any of the sales tax the customers paid on the full retail price. "[I]n the sales tax context, tax is collected by a seller adding the sales tax to an initial sales price and then charging that amount to the buyer as part of the new sales price," and "a person who collects a tax holds that money in trust for the State." *Combs v. Health Care Servs. Corp.*, 401 S.W.3d 623, 632–33 (Tex. 2013). "[W]hen such a tax is charged to a buyer, the buyer's understanding is that the portion of the sale attributed to tax will be paid to the government," and "[t]he buyer also knows that any profit the seller makes in the transaction is through the sales price alone." *Id.* at 633. Best Buy remitted the collected taxes to the State.

In 2002, the Appellants filed suit individually and as a class action against Best Buy in Travis County District Court Cause No. D-1-GN-02-001252, seeking a refund directly from Best Buy, but later they amended their petition to seek an assignment from Best Buy of the right to seek a tax refund from the Comptroller. *See Levy*, 228 S.W.3d at 848. Best Buy initially proposed a settlement to refund the sales tax to members of the class if Best Buy could receive assurances by agreement with the Comptroller or by declaratory judgment that it would be allowed to credit the refunds against its future sales tax payments. *See id.* The Comptroller agreed to allow a credit for most of the refunds but concluded that some were barred by the statute of limitations. *See id.* The Appellants then amended their petition to add the Comptroller as a defendant, but the Comptroller filed a plea to the jurisdiction. *See id.* The district court

granted the Comptroller's plea, dismissed the Comptroller from the suit, severed the Appellants' individual claims against Best Buy into Cause No. D-1-GN-07-000712, and dismissed the Appellants' class action claim to compel an assignment of refund rights from Best Buy. *See id.*

The Appellants appealed the dismissal of the class action claim against Best Buy but did not appeal the dismissal of their claims against the Comptroller. *See id.* at 848–49. In June 2007, we reversed the district court's judgment and remanded the case, holding that the district court had jurisdiction to consider the Appellants' claims to compel Best Buy to assign its tax refund rights and to certify a class. *Id.* at 850–52. The reinstated class action claim against Best Buy was consolidated into Cause No. D-1-GN-07-000712. The Appellants and Best Buy then settled their case subject to a class fairness hearing by agreeing that Best Buy would assign to the Appellants and individual class members its right to bring a tax refund claim. *See Assignees of Best Buy*, 395 S.W.3d at 853–54.

On April 16, 2008, the Appellants, through the class counsel, filed a tax refund claim for $11,054,086.76 with the Comptroller on behalf of the individual settlement class members (the First Administrative Proceeding). *See id.* at 856. On April 17, the district court signed an Order Granting Preliminary Approval to the Best Buy Settlement Class in Cause No. D-1-GN-07-000712 (the Appointment Order), which certified the class for settlement purposes only, appointed class counsel "to represent the Settlement Class Members in the presentation of their individual claims for refunds to the Comptroller and to pursue any and all necessary administrative appeals and proceedings in all courts," and granted class counsel the power of attorney "to represent such Settlement Class Members in their individual claims against

4

the Comptroller." *See id.* at 853–55. On that same day, "a duly authorized representative of Best Buy" signed and executed the 2008 Assignment.[2]

The 2008 Assignment states, "By executing this Assignment of Right to a Refund ('Assignment'), the Assignor assigns all rights and interest to the tax refund herein described that the Assignor may have to the persons or entities who made purchases described in the 'Transactions' below, collectively known as the 'Best Buy Settlement Class.'" The "Transactions" section of the 2008 Assignment describes the tax refund that is the subject of the assignment: "Sales tax collected on purchases (1) made by persons or entities who were Texas residents at the time of the purchase, (2) where the purchase occurred on or after March 1, 1998 and on or before July 16, 2007, and (3) not previously refunded with retailer rebates, including those reflected in the attached electronic records." The 2008 Assignment also "affirms that the Assignor will not claim a refund or credit for those taxes in the future."

On April 24, 2008, Best Buy emailed the Comptroller's audit division explaining that the managed audit for the audit period March 2003 through February 2007 was currently scheduled to close on April 29, 2008; that "Best Buy's audit staff has worked diligently on the managed audit and expects to agree and pay the audit assessment"; that it had settled "with the plaintiffs in the purported class action" and "in conjunction therewith issued an Assignment of Right to Refund" (the 2008 Assignment); and that "[i]f the Comptroller rejects all or a portion of the plaintiffs' assignment of rights to the refund, the class has the right to seek credit/refunds from Best Buy." Best Buy then sought confirmation of its understanding that the Comptroller agrees:

---

[2] The Comptroller's 2010 Decision states that the Appellants filed the refund claim in the First Administrative Proceeding on April 16, 2008, but the record is silent as to why this occurred the day before the Appointment Order and the 2008 Assignment were signed.

5

(i) to closure of the referenced Managed Audit; (ii) Best Buy's payment of the agreed upon sales and use tax assessment due as a result of the Managed Audit; and (iii) to hold open the period of March 1, 2003 through February 28, 2007 with respect to any claims of the Tara Levy Assignment Class that are rejected by the Comptroller and which rejected claims may thereafter inure back to Best Buy and imbue it with the ability to seek an excess sales tax reimbursement credit for said period.

On April 28, 2008, the assistant director of tax administration with the Comptroller responded that "the Comptroller's office cannot and does not agree [to] toll the statute of limitations beyond such tolling as may be provided by law"; that "Best Buy could not approach the state for a right that it has assigned away"; that "[i]f the third party assigned its right back to Best Buy, Best Buy could file a claim"; that "if the refund claim submitted by the third party is denied, the third party assignee would not have a right (to file a refund claim) to convey back to Best Buy" because "Section 111.107(b) of the Texas Tax Code states that '(a) person may not refile a refund claim for the same transaction or item, tax type, period, and ground or reason that was previously denied by the comptroller'"; and that "[i]f your question is that of the Managed Audit, you can keep it open by paying and requesting a refund hearing" and he "will ensure that the hearing is placed on hold and does not come before a judge before such time as the third party assignee's refund claim is resolved."

In June 2008, Best Buy mailed a cover letter with a $9,130,765.86 sales tax refund claim to the Comptroller (the Second Administrative Proceeding).[3] The cover letter states that the audit is scheduled to close this month and that the assistant director of tax administration:

---

[3] Only the cover letter and not the administrative refund claim is included with the evidence attached to the Comptroller's plea to the jurisdiction. The Comptroller asserts on appeal that this "claim was being used to toll the statute of limitations for claiming a refund while the class's litigation was completed."

has agreed to allow Best Buy to pay the agreed upon sales and use tax assessment due as a result of the Managed Audit; and allow Best Buy to request a refund of sales tax on the retailer rebates and will then place the refund hearing on hold and will not allow the case to come before a judge before such time as the third party assignee's refund claim is resolved with the State of Texas Comptroller of Public Accounts.

The next month, the Comptroller's audit processing section denied the refund claim in the First Administrative Proceeding, and the Appellants "appealed the denial and filed a timely request for a refund hearing." After a contested case hearing, the Comptroller issued the 2010 Decision, affirming the denial of the refund claim on the following grounds:

(1) the tax code does not authorize a class to file a refund with the Comptroller, (2) the tax code does not give the Comptroller the statutory authority to grant a class-action refund, (3) the settlement class was required to submit the supporting documentation required by the Comptroller for verification of the refund claim, and (4) the statute of limitations expired for claims arising from tax that was due and payable more than four years before the refund claim was filed on April 16, 2008.

*Id.* at 856. The "settlement-class representatives, along with the other Assignees" then sued the Comptroller in district court. *Id.* The Comptroller filed a plea to the jurisdiction, arguing that the Appellants had not properly exhausted their administrative remedies because the "settlement-class counsel lacked authority to file an individual refund on behalf of each individual putative-class member" and collaterally attacking the appointment order as void because the district court lacked jurisdiction to "appoint[] class counsel to individually represent the settlement-class members in another lawsuit." *Id.* at 857. The district court granted the Comptroller's plea to the jurisdiction, and the Appellants then appealed. *Id.* at 858. In February 2013, we affirmed the dismissal, holding that the district court "lacked jurisdiction to appoint settlement-class counsel to represent the individual Assignees in the presentation of their individual refund claims to the

Comptroller," that the "portions of the settlement orders purporting to appoint settlement-class counsel as counsel for the individuals are void," and that the Appellants did not properly exhaust their administrative remedies because class counsel lacked authority to file individual refund claims on the class members' behalf. *Id.* at 868–69.

In the Second Administrative Proceeding, the Comptroller's Staff had "denied the refund claim on the grounds that the sales tax in question had not been refunded to the customers who had received the rebates and that the refund claim had been assigned to a third party," although the record does not indicate when the claim was denied. In July 2016, the claim was referred to the State Office of Administrative Hearings (SOAH) for a hearing based on the parties' written submissions.

In November 2016, the Appellants dismissed Best Buy from the suit in Cause No. D-1-GN-07-000712, agreeing that the Appellants "have no basis for a claim for damages against Best Buy." Best Buy in turn agreed to an injunction compelling it to assign the class its tax refund claims. The Appellants and Best Buy filed the 2017 Agreed Order, titled "Agreed Final Injunction and Class Certification Order," which the district court signed in July 2017. The 2017 Agreed Order appoints class counsel and defines the class to include "[a]ll individuals or entities who redeemed a mail-in, retailer rebate for a taxable purchase made from Best Buy" between March 1998 and July 2007. The 2017 Agreed Order states that "Best Buy voluntarily agrees to an order compelling it to assign to the Class all its rights to seek reimbursement from any part of the State of Texas" and "to execute '**Exhibit C**' as further evidence of the full and complete assignment agreed to and ordered by this Court." The 2017 Agreed Order also requires (1) "the Class to accept this assignment in lieu of any sales tax refund paid directly by Best Buy, recognizing that the Class will attempt to recover any sales taxes owed to the Class from the

8

Comptroller," and (2) "the Class Counsel"—"[i]f the Class succeeds and recovers money"—to "return to this Court with a proposal for distributing that recovery, inclusive of distribution expenses and a request to recover Class Counsel's fees and expenses from the money recovered from the Comptroller." Finally, the 2017 Agreed Order states that the court "finds that the prior purported assignment by Best Buy to the Class is void as found by the Court of Appeals in *Assignees of Best Buy*"; "specifically reserves the ability, upon motion of Class Counsel and the Class, to establish a trust to hold and seek a return of the taxes to the Class"; and "shall maintain jurisdiction over the Class and Class Counsel to assure the enforcement of this Agreed Final Injunction and to protect the rights of the Class and its members."

On August 2, 2017, Best Buy, through a "duly authorized representative," executed the 2017 Assignment that was attached to the 2017 Agreed Order as Exhibit C. Like the 2008 Assignment, the 2017 Assignment states, "By executing this Assignment of Right to a Refund ('Assignment'), the Assignor assigns all rights and interest to the tax refund herein described that the Assignor may have to (full list of names attached) (the 'Assignee'), subject to the limitation noted herein." The attachment lists as assignees: "Tara Levy, Robert Tycast, Paul DeNucci, and Rockey and Linda Piazza, individually and on behalf of all others similarly situated, in Cause No. D-1-GN-07-000712 pending in the 53rd Judicial District Court of Travis County, Texas." The 2017 Assignment purports to assign Best Buy's "right to file a request for a refund and to receive the refund" and describes the tax refund that is the subject of the assignment as "Sales Tax" for the period of "March 1, 1998 to July 16, 2007" for "Transactions: All claims asserted or that can be asserted in Docket No. 101,957."

The 2018 Decision indicates that the 2017 Assignment was submitted as evidence in the Second Administrative Proceeding and notes that "[o]n that same date [August 2, 2017],

9

[Best Buy] filed a motion to substitute the class plaintiffs as the Claimants," which the administrative law judge approved, allowing Best Buy to withdraw from the proceeding. The administrative law judge signed his proposal for decision on November 17, 2017, recommending that the refund claim should be denied because the Texas Tax Code "do[es] not give the Comptroller the statutory authority to grant a class action refund claim." In an endnote to the background description describing how the Comptroller's Staff denied the refund claim because it "had been assigned to a third party," the administrative law judge noted, "This assignment was subsequently voided by the Third District Court of Appeals in [*Assignees of Best Buy*]" and that Best Buy "subsequently executed another Assignment of Refund Claim pursuant to an order of the District Cou[r]t in the class action lawsuit." The Comptroller signed his 2018 Decision on March 29, 2018, adopting the administrative law judge's proposal for decision, as changed. The Appellants filed a motion for rehearing, which the Comptroller denied.

The Appellants then brought the underlying suit in district court. The Comptroller filed a plea to the jurisdiction, raising four grounds at issue on appeal: (1) the Appellants could not receive a refund because Best Buy never refunded the taxes as required by Section 111.104(f) of the Texas Tax Code, (2) the Appellants' rehearing motion failed to state any grounds of error that could result in their entitlement to a tax refund, (3) Best Buy had already assigned its right to a tax refund prior to bringing the underlying administrative refund claim, and (4) the Texas Tax Code does not provide for a class action tax refund suit.[4] The district court granted the plea, and the Appellants appeal from this dismissal.

---

[4] In his plea to the jurisdiction, the Comptroller also argued that the Appellants' claims for declaratory relief seek an impermissible redundant remedy and should be dismissed. In their opening brief on appeal, the Appellants do not challenge this independent ground for dismissing their claims for declaratory relief. And in their reply brief, the Appellants concede that their

10

**ANALYSIS**

On appeal, the Appellants raise the issue of whether the district court erred in granting the Comptroller's plea to the jurisdiction on any of the four grounds raised in the plea.[5] The Appellants bear the burden to establish that the district court erred in granting the Comptroller's plea to the jurisdiction. *See Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 133 n.5 (Tex. 2019). Because we conclude that the Appellants have not met this burden as to the independent ground that Best Buy had already assigned its right to bring a refund claim in the 2008 Assignment prior to the 2017 Assignment, we consider only this ground in affirming the district court's judgment on appeal.

In their live petition, the Appellants asserted that "Best Buy on June 17, 2008, filed the underlying administrative proceeding" and that in 2017, Best Buy "assigned to the Class Best Buy's right to a refund in SOAH Docket No. 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.26, Comptroller Hearing No. 101,957." In his plea to the jurisdiction, however, the Comptroller asserted:

> Best Buy assigned its right to bring a refund claim or receive a refund of the taxes at issue to the individuals who made the purchases at issue two months before it brought this refund claim. Upon executing this assignment, Best Buy relinquished its right to request or receive a refund from the Comptroller for these taxes. This means that Best Buy had no right to bring the refund claim underlying

requested declaratory relief is redundant. Thus, we affirm this portion of the judgment. *See Deadmon v. Dallas Area Rapid Transit*, 347 S.W.3d 442, 445 (Tex. App.—Dallas 2011, no pet.) (holding that appellate court must affirm when trial court sustains plea to jurisdiction without specifying its grounds for doing so and appellant does not challenge each independent ground asserted in plea).

[5] The Appellants raise three other issues: whether they are entitled to the tax refund as a matter of law, whether the Comptroller can challenge a claim before the district court on grounds not raised during the administrative hearing, and whether the Comptroller's attempt to exercise a judicial function violates the constitutional separation of powers. Because these issues are unnecessary to dispose of the appeal, we do not address them. *See* Tex. R. App. P. 47.1.

this suit. Thus, it failed to exhaust its administrative remedies.[6] This also means that the individuals who brought this suit are not the assignees of Best Buy. The right to file a request for a refund and receive the refund had been assigned over nine years prior to the assignment these assignees rely on.

(Internal record citations omitted.) Thus, the Comptroller's plea challenged the legal effect of the pleaded fact that Best Buy assigned its right to a tax refund in the 2017 Assignment to the Appellants, arguing that the right had already been assigned in the 2008 Assignment. In his reply in support of his plea, the Comptroller further asserted that "without a valid assignment, the Assignees of Best Buy are not the proper parties to bring this claim."

Although the Appellants contest the merits of the Comptroller's challenge to their ownership of Best Buy's claim on appeal, they do not assign error to the district court's ruling on this issue as a jurisdictional issue.[7] Accordingly, we apply the well-established standard for

---

[6] We assume without deciding that administrative remedies were exhausted because Best Buy submitted a refund claim to the Comptroller, the Appellants substituted in Best Buy's place, and the Appellants obtained a decision, regardless of whether Best Buy had the right to file the tax refund claim in the Second Administrative Proceeding. *See Hegar v. Black, Mann, & Graham, L.L.P.*, No. 03-20-00391-CV, 2022 WL 567853, at *5 (Tex. App.—Austin Feb. 25, 2022, no pet.) (mem. op.) ("Refund suits require a taxpayer to submit a refund claim to the Comptroller and obtain a decision as a prerequisite to establishing a waiver of sovereign immunity."); *see also* Tex. Tax Code § 112.151(a) (providing that "person may sue the comptroller to recover an amount of tax . . . that has been the subject of a tax refund claim if the person," among other requirements, "has filed a tax refund claim under Section 111.104").

[7] In *Pike v. Texas EMC Management, LLC*, the Texas Supreme Court held that whether a claim brought by a partner instead belongs to a partnership is a question of capacity that does not implicate subject matter jurisdiction. 610 S.W.3d 763, 779 (Tex. 2020) (noting that "capacity 'is conceived of as a procedural issue dealing with the personal qualifications of a party to litigate'" (quoting *Austin Nursing Ctr. v. Lovato*, 171 S.W.3d 845, 848 (Tex. 2005))); *see also Vertical N. Am., Inc. v. Vopak Terminal Deer Park, Inc.*, No. 14-15-01088-CV, 2017 WL 4197027, at *2 (Tex. App.—Houston [14th Dist.] Sept. 21, 2017, pet. denied) (mem. op.) ("A challenge to who owns a claim raises the issue of capacity, not standing, and requires compliance with Rule 93, including the requirement to file a verified pleading."); *but see Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 146–47 (Tex. 2015) (per curiam) (analyzing whether plaintiff "lacked standing to maintain the lawsuit because it assigned the claims to its commercial lender either before or

reviewing a ruling on a plea to the jurisdiction. *See Miranda*, 133 S.W.3d at 225–29 (describing standard). When, as here, the jurisdictional issue is "not intertwined with the merits of the claims," "disputed fact issues are resolved by the court, not the jury." *Vernco Constr., Inc. v. Nelson*, 460 S.W.3d 145, 146–49 (Tex. 2015) (per curiam); *see also Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000) (noting that "a court deciding a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised," "confin[ing] itself to the evidence relevant to the jurisdictional issue").[8] In their response to the plea and to the evidence presented by the Comptroller, however, the Appellants neither asserted that a fact issue exists as to the relevant, underlying facts nor presented controverting evidence as to those facts; rather, they challenged the legal effect of those facts—specifically, the legal effect of the 2008 Assignment. The Appellants concede that "Best Buy and the class attempted, on April 17, 2008, to assign Best

---

after filing the lawsuit" as jurisdictional question). The *Pike* Court explained that "[r]equiring a defendant to raise this 'wrong plaintiff' problem by verified plea allows the plaintiff an opportunity to correct the problem if possible, such as through assignment or joinder, and signals whether the parties need to develop and present evidence on the issue at trial" and "[a]bsent such a plea, '[j]ust how [the plaintiff] acquired the cause of action is not before [the] Court.'" 610 S.W.3d at 779 (quoting *Van Voorhies v. Hudson*, 683 S.W.2d 809, 811 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e)). The defendant has the burden to challenge capacity via verified plea, and if properly challenged, "the trial court should abate the case and give the plaintiff a reasonable time to cure any defect." *Lovato*, 171 S.W.3d at 853 n.7. But before the trial court and on appeal, the Appellants have neither contested the procedural mechanism utilized by the Comptroller to challenge the Appellants' ownership of Best Buy's claim as a jurisdictional issue nor requested abatement and reasonable time to cure any alleged defect in capacity. Accordingly, we proceed by assuming without deciding that the Comptroller's challenge was properly raised in a plea to the jurisdiction.

[8] In the absence of express findings of fact, all findings necessary to support the trial court's judgment are implied, and these findings may be challenged for legal and factual sufficiency. *Prewett v. Canyon Lake Island Prop. Owners Ass'n*, No. 03-18-00665-CV, 2019 WL 6974993, at \*2 (Tex. App.—Austin Dec. 20, 2019, no pet.) (mem. op.) (citing *Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990)).

13

Buy's claims to a group of individuals but not a class." But in their appellate briefing, the Appellants raise inchoate arguments for why the 2008 Assignment was void and should not be considered to have precluded the effect and validity of the 2017 Assignment.[9]

The Appellants assert that the class counsel "possessed an April 17, 2008 assignment to an existent 'Best Buy Settlement Class' which, *Assignees of Best Buy* firmly established, was in no way a class." However, although the 2008 Assignment described the assignees to be "collectively known as the 'Best Buy Settlement Class,'" the actual assignees of the 2008 Assignment were "persons or entities" who made certain purchases: "[T]he Assignor assigns all rights and interest to the tax refund herein described that the Assignor may have to *the persons or entities* who made purchases described in the 'Transactions' below, collectively known as the 'Best Buy Settlement Class.'" (Emphasis added.)

The Appellants state that "the authority of the individual[s'] attorneys to accept Best Buy's assignment was voided by the decision in *Assignees of Best Buy*" and that "[a]n 'assignment' from 2008 may exist on paper, but under this Court's decision, it is void and a nullity." However, *Assignees of Best Buy* did not address or expressly void any assignment; rather, it addressed the district court's jurisdiction to sign the order appointing "settlement-class counsel to represent the individual Assignees in the presentation of their individual refund claims to the Comptroller." 395 S.W.3d at 868. The *Assignees of Best Buy* Court concluded that the district court lacked jurisdiction, that "those portions of the settlement orders purporting to appoint settlement-class counsel as counsel for the individuals are void," and that "the Assignees

---

[9] We interpret the Appellants' arguments to the best of our ability; the Appellants do not further develop their legal arguments and cite few, if any, legal authorities to support their arguments on this issue.

14

did not properly exhaust their administrative remedies because settlement-class counsel lacked authority to file individual refund claims on their behalf." *Id.* at 869.

The Appellants argue that "[a] counterparty to the assignment had to accept the assignment" and that "[w]hen Best Buy signed the [2008 Assignment], the attorneys for the individuals now within a class had no authority to negotiate for and accept an assignment of Best Buy's claims—there was simply no one to receive the assignment." But the class counsel's lack of authority to represent the assignees and to file the individual refund claims in the First Administrative Proceeding does not impact the validity of the 2008 Assignment. The Appellants neither asserted nor produced evidence that the assignees of the 2008 Assignment—"the persons or entities"—reassigned or disclaimed the assignment, and the Appellants do not identify any authority that would support that the 2008 Assignment was void in this context.

The Appellants assert that "Best Buy's attempted assignment to the 2008 consumer 'group' was never a gift. Best Buy intended to relieve its obligations to its customers *in return for its customers' release*." But Best Buy's reasons for the 2008 Assignment do not impact its validity here. And the 2008 Assignment's language neither required acceptance (there was no signature block for the receiving party) nor predicated the assignment on receiving a contractual benefit: "*By executing this Assignment of Right to a Refund* ('Assignment'), the Assignor assigns all rights and interest to the tax refund herein described that the Assignor may have to the persons or entities who made purchases described in the 'Transactions' below, collectively known as the 'Best Buy Settlement Class.'" (Emphasis added.)[10]

---

[10] Even if acceptance of the 2008 Assignment had been required, there is no evidence in this record that the individuals and entities did not accept the 2008 Assignment.

15

Finally, the Appellants argue that "if the Comptroller wished to argue that the 2008 assignment was valid (which it is not), it should ***not*** have adopted the PFD in its Decision" and note that the 2018 Decision mentions in an endnote that "[t]his assignment was subsequently voided by the Third District Court of Appeals in *Assignees of* [*Best Buy*]" and that Best Buy "subsequently executed another Assignment of Refund Claim pursuant to an order of the District Cou[r]t in the class action lawsuit." But the Appellants do not explain or provide legal argument as to how this statement in the Comptroller's 2018 Decision precludes the Comptroller from making this argument in district court.

## CONCLUSION

For these reasons, we affirm the district court's judgment dismissing the Appellants' claims.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed on Motion for Rehearing

Filed: August 30, 2022

16