

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00829-CV

Maria Veronica **GALVAN**,
Appellant

v.

**HYATT REGENCY SAN ANTONIO** and Hyatt Corporation,
Appellees

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2022-CI-03830
Honorable Tina Torres, Judge Presiding

Opinion by:  Velia J. Meza, Justice

Sitting:  Rebeca C. Martinez, Chief Justice
H. Todd McCray, Justice
Velia J. Meza, Justice

Delivered and Filed: November 26, 2025

REVERSED AND REMANDED

Appellant, Maria Veronica Galvan, appeals the trial court's judgment granting the appellees, Hyatt Regency San Antonio and Hyatt Corporation's,[1] plea to the jurisdiction and motion to dismiss. Because we conclude that Galvan timely filed her petition seeking judicial

---

[1] Hereinafter referred to collectively as "Hyatt."

review within 45 days after the Texas Department of Insurance's appeals panel mailed their decision, we reverse the trial court's judgment and remand this cause for further proceedings.

## BACKGROUND

On August 23, 2020, while working for Hyatt, Galvan sustained a compensable injury. Although Hyatt accepted liability for Galvan's left shoulder strain and lumbar strain, they contested Galvan's other alleged compensable injuries.[2] Because the parties disputed the extent of Galvan's compensable injuries, Galvan initiated the dispute-resolution process at the Texas Department of Insurance's Workers' Compensation division.

After efforts to mediate this dispute failed, an administrative law judge ("ALJ") held a hearing to determine, among other issues, whether Galvan's compensable injuries included the contested injuries. After the hearing concluded, the ALJ found that Galvan's compensable injuries did not include the contested injuries. Galvan appealed the ALJ's order, and on February 22, 2022, the appeals panel affirmed such order.

On March 2, 2022, Galvan filed suit against Hyatt. While Galvan's petition labeled her sole cause of action as "breach of contract," it appears to challenge the evidence presented at the ALJ hearing asserting that the contested injuries arose from a vehicle accident, rather than her compensable injury. Hyatt's answer generally denied Galvan's claims and included a plea to the jurisdiction and motion to dismiss. Hyatt asserted four grounds within its jurisdictional plea: (1) that Galvan is barred by the Texas Labor Code's exclusive remedy provision from seeking negligence claims, (2) that the Texas Labor Code's exclusive remedy provision precludes Galvan

---

[2] Galvan alleged that her compensable injuries also included cervical strain, thoracic sprain, left shoulder impingement, lumbar facet syndrome/lumbar dermopathy, left shoulder rotator cuff tear, cervical degenerative joint disease, cervical degenerative disc disease, cervical radiculopathy, thoracic degenerative joint disease, thoracic degenerative disc disease, thoracic radiculopathy, lumbar degenerative joint disease, lumbar degenerative disc disease, lumbar radiculopathy, T2 hyperintensity (possible cyst) at T12-L1, and lumbar disc bulges/protrusions/herniations at L3-L4, L4-L5, and L5-S1.

from filing suit against them, (3) that Galvan failed to serve a copy of her petition to the Department as required by the Labor Code, and (4) that Galvan failed to set forth the issues decided by the appeals panel in her petition.[3] Similarly, Hyatt's motion to dismiss sought such relief based on Galvan's failure to set forth the determinations of the appeals panel in her petition.

On November 12, 2025, the trial court granted Hyatt's plea to the jurisdiction and motion to dismiss. However, the trial court granted Hyatt's motion on a different ground than argued—on the ground that Galvan's petition was untimely. This appeal followed.

## DISCUSSION

On appeal, Galvan contends, among other issues, that the trial court erred in granting Hyatt's motions since her petition seeking judicial review was filed within 45 days of the appeals panel's decision. We agree.

We recognize that Galvan is acting pro se on appeal. As such, we must construe her briefing liberally. *Polinard v. Woodlawn Christian Church of San Antonio, Inc.*, No. 04-23-00968-CV, 2025 WL 2158521, at *7 (Tex. App.—San Antonio July 30, 2025, no pet. h.) (mem. op., not designated for publication). However, such liberal construction does not allow pro se appellants to circumvent the rules and procedures licensed attorneys must comply with. *Id.* Consequently, Galvan must still "properly present her case according to the rules of appellate procedure." *Amrhein v. Bollinger*, 593 S.W.3d 398, 401 (Tex. App.—Dallas 2019, no pet.); *see also* TEX. R. APP. P. 38.1(f) (requiring appellant's brief to "state concisely all issues or points presented for review.").

---

[3] Notably, the second, third, and fourth grounds raised in Hyatt's plea to the jurisdiction are not jurisdictional. *See* Tex. Lab. Code § 410.251 (stating that "[a] party that has exhausted its administrative remedies . . . and that is aggrieved by a final decision of the appeals panel may seek judicial review."); *see also Albertson's, Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999) (holding that serving a copy of the petition to the Department "is mandatory but not jurisdictional."); *see also Old Republic Ins. Co. v. Warren*, 33 S.W.3d 428, 432 (Tex. App.—Fort Worth 2000, pet. denied) (deciding that the pleading requirement to set forth the determinations of the appeals panel "does not create a jurisdictional requirement, but simply defines the scope of issues that may be judicially reviewed.").

1. Standard of Review

Because Hyatt's motion to dismiss is identical to the plea to the jurisdiction, we will treat it as a functional equivalent. *See Anderson v. City of San Antonio*, 120 S.W.3d 5, 7 (Tex. App.—San Antonio 2003, pet. denied) (reviewing a motion to dismiss as "the functional equivalent of a plea to the jurisdiction."). We review the grant or denial of a plea to the jurisdiction *de novo. Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). In our review of the trial court's judgment of dismissal for lack of subject-matter jurisdiction, we do not consider the merits of the case. *Levy v. OfficeMax, Inc.*, 228 S.W.3d 846, 849 (Tex. App.—Austin 2007, no pet.). Instead, we focus on "the facts alleged in the pleadings and any evidence relevant to the jurisdictional inquiry." *Id.*

Importantly, this review closely resembles that of a summary judgment. *City of San Antonio v. Rodriguez*, No. 04-13-00116-CV, 2013 WL 4682192, at *2 (Tex. App.—San Antonio Aug. 30, 2013, pet. denied) (mem. op.). Thus, when a trial court specifies the grounds on which it grants a jurisdictional plea, our review is limited in scope, and we must determine whether it was proper to grant such plea to the jurisdiction on those grounds. *State Farm Fire & Cas. Co. v. S.S.*, 858 S.W.2d 374, 380 (Tex. 1993); *see also Real-Edwards Conservation & Reclamation Dist. v. Save The Frio Found., Inc.*, No. 04-09-00502-CV, 2010 WL 547045, at *5 (Tex. App.—San Antonio Feb. 17, 2010, no pet.) (mem. op.) (holding that appellate courts should only consider grounds "that were . . . included in the plea to the jurisdiction []or considered by the district court.").

2. Galvan's Petition for Judicial Review Was Timely Filed

Although the trial court granted Hyatt's motions on the ground that Galvan's petition was untimely, this finding disregards the statutory timeline for judicial review. Under section

410.252(a) of the Texas Labor Code, a party may file suit within 45 days of the mailing date of the appeals panel's decision, which is deemed to be five days after the decision is filed. TEX. LAB. CODE § 410.252(a). The panel decision in this case was finalized on February 22, 2022, making the presumed mailing date February 27, 2022. Galvan filed suit on March 2, 2022—just eight days later—well within the statutory window. This timeline was overlooked by both Hyatt and the court.

Consequently, we find that Galvan's petition for judicial review was timely filed within the Labor Code's 45-day window, and the trial court erred in holding otherwise.

We sustain this point of error, and without addressing Galvan's remaining points of error, we reverse and remand the judgment of the trial court.

## CONCLUSION

Finding that Galvan timely filed suit pursuant to section 410.252(a) of the Texas Labor Code, we reverse the trial court's judgment and remand to the trial court for further proceedings.

Velia J. Meza, Justice